1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM & WATKINS LLP
  Andrew M. Gass (Bar No. 259694)
    *andrew.gass@lw.com*
  Sarah M. Ray (Bar No. 229670)
    *sarah.ray@lw.com*
  Ivana Dukanovic (Bar No. 312937)
    *ivana.dukanovi@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

  Elana Nightingale Dawson (*pro hac vice*)
    *elana.nightingaledawson@lw.com*
  Tyce R. Walters (*pro hac vice*)
    *tyce.walters@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: +1.202.637.2200

*Attorneys for Plaintiffs Roblox*
*Corporation and Jazwares, LLC*

Counsel continued on next page

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

ROBLOX CORPORATION and
JAZWARES, LLC,

                    Plaintiffs,

        v.

WOWWEE GROUP LIMITED, WOWWEE
CANADA, INC., WOWWEE USA, INC.,
and GRAMPS GOODS, INC.,

                    Defendants.

Case No. 3:22-cv-04476-SI

**STIPULATED [AND PROPOSED]
PROTECTIVE ORDER**

1   WINSTON & STRAWN LLP
    Michael S. Elkin (admitted Pro Hac Vice)
2   MElkin@winston.com
    200 Park Avenue
3   New York, NY  10166-4193
    Telephone:    (212) 294-6700
4
    Jennifer A. Golinveaux (SBN: 203056)
5   JGolinveaux@winston.com
    Cesie C. Alvarez (admitted Pro Hac Vice)
6   CAlvarez@winston.com
    101 California Street, 35th Floor
7   San Francisco, CA  94111-5840
    Telephone:    (415) 591-1000
8
    Erin Ranahan (SBN: 235286)
9   ERanahan@winston.com
    333 South Grand Avenue, 38th Floor
10  Los Angeles, CA  90071-1543
    Telephone:    (213) 615-1700
11
    BEDNAREK LEGAL, PLLC
12  Michael D. Bednarek (admitted Pro Hac Vice)
    michael@bednareklegal.com
13  1100 N. Glebe Road, Suite 1010
    Arlington, VA  22201
14  Telephone:    (202) 997-1665

15  *Attorneys for Defendants*
    *WowWee GROUP LIMITED, WowWee*
16  *CANADA, INC., WowWee USA, INC., and*

17  *GRAMPS GOODS, INC.*

18

19

20

21

22

23

24

25

26

27

28

I.   **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

II.   **DEFINITIONS**

A.   **Challenging Party:**

A Party or Non-Party that challenges the designation of information or items under this Order.

B.   **"CONFIDENTIAL" Information or Items:**

Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to trade secrets, propriety business information, competitively sensitive information, or any other non-public business information, the disclosure of which would be detrimental to the conduct of the Designating Party's business or to any of that Party's customers or clients if the material becomes public.

C.   **Counsel (without qualifier):**

Outside Counsel of Record and House Counsel (as well as their support staff).

D.   **Designating Party:**

A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

**E.     Designated House Counsel:**

House Counsel who seeks access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter; limited to one (1) individual at Plaintiff Roblox Corporation.

**F.     Disclosure or Discovery Material:**

All items or information, regardless of the medium or manner in which generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**G.     Expert:**

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

**H.     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:**

"Confidential Information or Items" that the Designating Party reasonably believes contain highly sensitive private material, including but not limited to non-public business or financial information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to the Designating Party's business or to any of that Party's customers or clients if the material becomes public.

**I.     "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items:**

"Confidential Information or Items" that the Designating Party reasonably believes contain highly sensitive competitive and commercial material, including but not limited to trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and/or business sensitivity, the disclosure of which to another Party or Non-Party

1   would create a substantial risk of serious competitive and commercial harm.

2       **J.**    **House Counsel:**

3       Attorneys who are employees of a Party to this action and are not involved in competitive

4   decision-making.  House Counsel does not include Outside Counsel of Record or any other outside

5   counsel.

6       **K.**    **Non-Party:**

7       Any natural person, partnership, corporation, association, or other legal entity not named

8   as a Party to this action.

9       **L.**    **Outside Counsel of Record:**

10      Attorneys who are not employees of a Party to this action but are retained to represent or

11  advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated

12  with a law firm which has appeared on behalf of that Party.

13      **M.**    **Party:**

14      Any party to this action, including all of its officers, directors, employees, consultants,

15  retained experts, and Outside Counsel of Record (and their support staffs).

16      **N.**    **Producing Party:**

17      A Party or Non-Party that produces Disclosure or Discovery Material in this action.

18      **O.**    **Professional Vendors:**

19      Persons or entities that provide litigation support services (e.g., photocopying, videotaping,

20  translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any

21  form or medium) and their employees and subcontractors.

22      **P.**    **Protected Material:**

23      Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL,"

24  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

25  – OUTSIDE COUNSEL'S EYES ONLY."

26      **Q.**    **Receiving Party:**

27      A Party that receives Disclosure or Discovery Material from a Producing Party.

28

**III.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**IV.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**V.    DESIGNATING PROTECTED MATERIAL**

**A.    Exercise of Restraint and Care in Designating Material for Protection.**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1    Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

2    shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

3    unnecessarily encumber or retard the case development process or to impose unnecessary expenses

4    and burdens on other Parties) may expose the Designating Party to sanctions.

5    If it comes to a Designating Party's attention that information or items that it designated

6    for protection do not qualify for protection, that Designating Party must promptly notify all other

7    Parties that it is withdrawing the mistaken designation.

8    **B.    Manner and Timing of Designations.**

9    Except as otherwise provided in this Order, or as otherwise stipulated or ordered,

10   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

11   designated before the material is disclosed or produced.  Designation in conformity with this Order

12   requires:

13   (a)    The Parties may designate documents produced, testimony given, or any

14   other materials exchanged in connection with this action as

15   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

16   EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

17   COUNSEL'S EYES ONLY" under the terms of this Order and Fed. R. Civ.

18   P. 26(c).

19   (b)    Documents or other materials (apart from deposition or other pretrial

20   testimony) shall be designated by affixing the "CONFIDENTIAL,"

21   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

22   "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"

23   legend to each page that contains Protected Material.  If only a portion or

24   portions of the material on a page qualify for protection, the Producing Party

25   also must clearly identify the protected portion(s) (e.g., by making

26   appropriate markings in the margins).  The failure to designate a document

27   as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

28   EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CASE NO. 3:22-cv-04476-SI

COUNSEL'S EYES ONLY" does not constitute a waiver of such a claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Order.

(i)     For native documents (e.g., excel files), the Producing Party will endorse the designation on slipsheet in the production and in the file name as produced.

(ii)    For information produced in some form other than documents (e.g., tangible items), the Producing Party will affix the designation in a prominent place on the exterior of the item so that the designation is clearly visible.

(c)     Depositions or other pretrial testimony shall be designated by notice via email or in writing, sent to all Parties within ten (10) business days after receiving a copy of the final transcript, and by directing the court reporter that the appropriate confidentiality legend be affixed to the first page of the original and all copies of the transcript containing any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material.  Unless otherwise stated on the record, all depositions and other pretrial testimony shall be deemed to be "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" until the expiration of the tenth business day after counsel receives a copy of the transcript, after which time such deposition or pretrial testimony shall be treated in accordance with its actual designation, if any.  The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

**C.     Inadvertent Failures to Designate.**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**A.     Timing of Challenges.**

Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**B.     Meet and Confer.**

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has, consistent with Judge Susan Illston's Standing Orders, engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

1    **C.      Judicial Intervention.**

2        A Challenging Party may file a motion challenging a confidentiality designation at any

3    time, following a good faith meet and confer as outlined in section VI.B, if there is good cause for

4    doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

5    Any motion brought pursuant to this provision must be accompanied by a competent declaration

6    affirming that the movant has complied with the meet and confer requirements imposed by the

7    preceding paragraph.

8        The burden of persuasion in any such challenge proceeding shall be on the Designating

9    Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

10   unnecessary expenses and burdens on other Parties), may expose the Challenging Party to

11   sanctions.  All Parties shall continue to afford the material in question the level of protection to

12   which it is entitled under the Producing Party's designation until the Court rules on the challenge.

13   **VII.    ACCESS TO AND USE OF PROTECTED MATERIAL**

14       **A.      Basic Principles.**

15       A Receiving Party may use Protected Material that is disclosed or produced by another

16   Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting

17   to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons

18   and under the conditions described in this Order.  When the litigation has been terminated, a

19   Receiving Party must comply with the provisions of section XIII below (FINAL DISPOSITION).

20       Protected Material must be stored and maintained by a Receiving Party at a location and in

21   a secure manner that ensures that access is limited to the persons authorized under this Order.

22       **B.      Disclosure of "CONFIDENTIAL" Information or Items.**

23       Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

24   Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

25           (a)      the Receiving Party's Outside Counsel of Record, such counsel's immediate

26                   paralegals and staff, and any copying or clerical litigation support services

27                   working at the direction of such counsel, paralegals, and staff;

28

(b)     the officers, directors, and employees (including Designated House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     court reporters, stenographers, and videographers retained to record testimony taken in this action;

(e)     the Court, jury, and court personnel;

(f)     graphics, translation, design, and/or trial consulting personnel who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(h)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**C.     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items.**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services

9

1      working at the direction of such counsel, paralegals, and staff;

2      (b)      Designated House Counsel (1) to whom disclosure is reasonably necessary

3      for this litigation, and (2) who has signed the "Acknowledgment and

4      Agreement to Be Bound" (Exhibit A), and provided the executed Exhibit A

5      Acknowledgement to the Designating Party;

6      (c)      Experts (as defined in this Order) of the Receiving Party (1) to whom

7      disclosure is reasonably necessary for this litigation, and (2) who have

8      signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9      (d)      court reporters, stenographers, and videographers retained to record

10      testimony taken in this action;

11      (e)      the Court, jury, and court personnel;

12      (f)      graphics, translation, design, and/or trial consulting personnel who have

13      signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14      (g)      mock jurors who have signed an undertaking or agreement agreeing not to

15      publicly disclose Protected Material and to keep any information

16      concerning Protected Material confidential;

17      (h)      any mediator who is assigned to hear this matter, and his or her staff, subject

18      to their agreement to maintain confidentiality to the same degree as required

19      by this Protective Order;

20      (i)      the author or recipient of a document containing the information or a

21      custodian or other person who otherwise possessed or knew the

22      information.

23      **D.**      **Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES**

24      **ONLY Information or Items.**

25      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

26 Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

27 OUTSIDE COUNSEL'S EYES ONLY" only to:

28      (a)      the Receiving Party's Outside Counsel of Record, such counsel's immediate

1    paralegals and staff, and any copying or clerical litigation support services

2    working at the direction of such counsel, paralegals, and staff;

3    (b)    Experts (as defined in this Order) of the Receiving Party (1) to whom

4    disclosure is reasonably necessary for this litigation, and (2) who have

5    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6    (c)    court reporters, stenographers, and videographers retained to record

7    testimony taken in this action;

8    (d)    the Court, jury, and court personnel;

9    (e)    graphics, translation, design, and/or trial consulting personnel who have

10   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11   (f)    mock jurors who have signed an undertaking or agreement agreeing not to

12   publicly disclose Protected Material and to keep any information

13   concerning Protected Material confidential;

14   (g)    any mediator who is assigned to hear this matter, and his or her staff, subject

15   to their agreement to maintain confidentiality to the same degree as required

16   by this Protective Order;

17   (h)    the author or recipient of a document containing the information or a

18   custodian or other person who otherwise possessed or knew the

19   information.

20   **VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

21   **OTHER LITIGATION**

22   If a party is served with a subpoena or a court order issued in other litigation that compels

23   disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY

24   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE

25   COUNSEL'S EYES ONLY" that Party must:

26   (a)    promptly notify in writing the Designating Party.  Such notification shall

27   include a copy of the subpoena or court order;

28

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CASE NO. 3:22-cv-04476-SI

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CASE NO. 3:22-cv-04476-SI

(i) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CASE NO. 3:22-cv-04476-SI

## XI.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. The Parties have agreed that, in this lawsuit, they do not intend to disclose Privileged Information.

(a)   Pursuant to Federal Rule of Evidence 502(d) and 28 U.S. Code § 1738, any disclosure of Privileged Information ("Disclosed Privileged Information") shall not constitute in this or any other action a waiver or forfeiture of any privilege otherwise attaching to the Disclosed Privileged Information and its subject matter. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

(b)   Any party receiving materials that reasonably appear to be Privileged Information shall not copy, distribute, or otherwise use such materials in any manner and shall provide prompt notice to the Producing Party to afford an opportunity to request return of the materials.

(c)   If a Disclosing Party notifies the Receiving Party that Privileged Information has been disclosed:

(i)   the Receiving Party shall not, from that point onward, copy, distribute, or otherwise use in any manner the Disclosed Privileged Information, unless the Parties agree, or the Court orders, otherwise;

(ii)   the Receiving Party shall instruct all persons to whom the Receiving Party has disseminated the Disclosed Privileged Information that

such information is subject to this Order and may not be copied, distributed, or otherwise used; and

        (iii)    the Receiving Party and all persons notified as set out in the preceding subparagraph shall, within ten (10) business days:

               (A)    return, destroy, or delete all Disclosed Privileged Information and all notes or other work product revealing its content in the possession, custody, or control of the Receiving Party, its attorneys, or any person to whom the Party provided the Disclosed Privileged Information, and

               (B)    confirm that all Disclosed Privileged Information has been returned, destroyed, or deleted.

    (d)    Federal Rule of Evidence 502(b) is inapplicable to Disclosed Privileged Information, which shall receive the maximum protection afforded by Federal Rule of Evidence 502(d). Under Federal Rule of Evidence 502(d) and 28 U.S. Code § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings. Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

## XII.    MISCELLANEOUS

### A.    Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

### B.    Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CASE NO. 3:22-cv-04476-SI

1      ### C.      Filing Protected Material.

2      Without written permission from the Designating Party or a court order secured after

3      appropriate notice to all interested persons, a Party may not file in the public record in this action

4      any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

5      with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court

6      order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local

7      Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material

8      at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the

9      law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local

10     Rule 79-5 is denied by the Court, then the Receiving Party may file the information in the public

11     record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court.

12     ## XIII.   FINAL DISPOSITION

13     Within 60 days after the final disposition of this action, as defined in paragraph 4, each

14     Receiving Party must return all Protected Material to the Producing Party or destroy such material.

15     As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

16     summaries, and any other format reproducing or capturing any of the Protected Material.  Whether

17     the Protected Material is returned or destroyed, the Receiving Party must submit a written

18     certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

19     by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

20     that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

21     abstracts, compilations, summaries, or any other format reproducing or capturing any of the

22     Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy

23     of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

24     correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

25     and expert work product, even if such materials contain Protected Material.  Any such archival

26     copies that contain or constitute Protected Material remain subject to this Protective Order as set

27     forth in Section IV (DURATION).

28

Dated:  April 5, 2023                        */s/ Andrew M. Gass*
                                             Attorney for Plaintiffs


Dated:  April 5, 2023                        */s/ Jennifer A. Golinveaux*
                                             Attorney for Defendants



**PURSUANT TO STIPULATION, IT IS SO ORDERED.**



DATED: _____                    _____
                                             Hon. Susan Illston
                                     United States District Judge

1

## **SIGNATURE ATTESTATION**

2          I am the ECF User whose identification and password are being used to file the foregoing

3   Stipulated [and Proposed] Protective Order.  Pursuant to Local Rule 5-1(h)(3) regarding signatures,

4   I, Andrew M. Gass, attest that concurrence in the filing of this document has been obtained.

5

6   Dated:  April 5, 2023                                  */s/ Andrew M. Gass*

7                                                                       Attorney for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CASE NO. 3:22-cv-04476-SI

1   <u>EXHIBIT A</u>

2   <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3        I, _____ [print or type full name], of _____

4   [print or type full address], declare under penalty of perjury that I have read in its entirety and

5   understand the Stipulated Protective Order that was issued by the United States District Court for

6   the Northern District of California on _____ [date] in the case of *Roblox Corporation*

7   *and Jazwares, LLC v. WowWee Group Limited, WowWee Canada, Inc., WowWee USA, Inc. and*

8   *Gramps Goods, Inc.*, 3:22-cv-04476-SI.  I agree to comply with and to be bound by all the terms

9   of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

10  could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that

11  I will not disclose in any manner any information or item that is subject to this Stipulated Protective

12  Order to any person or entity except in strict compliance with the provisions of this Order.

13       I further agree to submit to the jurisdiction of the United States District Court for the

14  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16       I hereby appoint _____ [print or type full name] of

17  _____ [print or type full address and telephone number]

18  as my California agent for service of process in connection with this action or any proceedings

19  related to enforcement of this Stipulated Protective Order.

20  Date: _____

21  City and State where sworn and signed: _____

22  Printed name: _____

23  Signature: _____

24

25

26

27

28