Elana Nightingale Dawson

elana.nightingaledawson@lw.com

*Attorneys for Plaintiffs Roblox Corporation and Jazwares, LLC*

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS LLP**

June 26, 2023

**VIA CM/ECF**

The Honorable Susan Illston
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom No. 1 – 17th Floor
San Francisco, CA 94102

Re:  *Roblox Corp., et al. v. WowWee Grp. Ltd., et al.*, Case No. 3:22-cv-04476-SI (N.D. Cal.)

Dear Judge Illston:

**ROBLOX AND JAZWARES' POSITION**

After multiple rounds of correspondence, and two conferrals—including one in person—over the past eight months, WowWee continues to refuse to respond, either in full or in part, to the majority of Plaintiffs' document requests. In fact, in its supplemental responses, WowWee backtracked on one of its responses, *further narrowing* the world of documents it has agreed to produce. *See* **Exhibit 2, WowWee Objs. and First Supp'l Resps. to Pls.' Reqs. for Prod. of Docs. ("RFP Resp.") No. 2**. For the reasons that follow, Plaintiffs respectfully request that the Court compel WowWee to produce documents responsive to **Plaintiffs' Requests for Production ("RFP") Numbers 1–18, 20–32, 34–42, 46–50**. *See* Exhibits 1(a)–(c).

***Plaintiffs' Requests Seek Discoverable Information.*** Plaintiffs propounded numerous requests related to WowWee's design, manufacture, and evaluation of the products at issue—the My Avastars Fashion Dolls and related products. *See* **RFP Resp. Nos. 1–8, 35**. Because this case is about WowWee's infringement of Roblox's intellectual property ("IP"), Plaintiffs likewise sought information about WowWee's knowledge of and access to that IP. *See* **RFP Nos. 25–31, 39.** Despite the plainly discoverable nature of such information, WowWee has not produced a single document in response to these requests, and has not agreed to respond to any of them in full, instead unilaterally rewriting and narrowing the requests to produce only cherry-picked documents. *See Adobe Sys. Inc. v. Christenson*, No. 10-cv-00422, 2011 WL 540278, at *11 (D. Nev. Feb. 7, 2011) ("Plaintiff is clearly entitled to production of nonprivileged documents . . . relating to Defendants' acquisition, manufacture, advertisement, distribution or sale of [] products that allegedly infringe upon Adobe's copyrights and trademarks. . . . Plaintiff is also entitled to production of documents which evidence Defendants' knowledge of Adobe's copyrights and trademarks.").

WowWee employs a similar gambit in response to almost all of Plaintiffs' other requests. Given the Lanham Act and false advertising claims, Plaintiffs sought discovery regarding WowWee's marketing, promotion, and distribution of the products at issue. *See* **RFP Nos. 9–14, 20–24, 36**; *see Brown v. Hain Celestial Grp., Inc.*, No. 11-cv-03082, 2012 WL 3283289, at *2 (N.D. Cal. Aug. 10, 2012) ("This is a false advertising case. The marketing information seems relevant."). Plaintiffs likewise sought documents related to the Roblox experience on which WowWee collaborated with Gamefam, and that WowWee used to promote the My Avastars Fashion Dolls. *See* **RFP Nos. 32, 34.** Here, too, WowWee has resisted Plaintiffs' requests, and has produced nothing despite receiving these requests eight months ago.

**LATHAM&WATKINSLLP**

Plaintiffs also requested documents sufficient to show certain sales and financial information, such as, for every doll sold, the sale date, product price, and number of units sold (RFP No. 15); the number of sales of dolls and related products (RFP No. 16); the amount of money WowWee spent on research and development of the dolls and related products (RFP No. 17); WowWee's pricing policies for the products at issue (RFP No. 18); and its gross revenues, expenses, and profits for the products at issue (RFP No. 19). This information is directly relevant to, *inter alia*, Plaintiffs' damages. *See* **RFP Nos. 15–19**; *see also Gottesman v. Santana*, No. 16-cv-2902, 2017 WL 5889765, at *5 (S.D. Cal. Nov. 29, 2017) ("information regarding, *inter alia*, the purchase and sale of products bearing the allegedly infringing artwork and revenue, costs, and profits relating to the licensing of Plaintiff's artwork" relevant to copyright claim). WowWee agreed to produce documents in response to only one of these requests—RFP No. 19. In response to each of the other requests, WowWee simply offers what Plaintiffs requested in RFP No. 19—without regard to what Plaintiffs actually sought.

Finally, Plaintiffs sought discovery related to this action, such as the documents WowWee intends to rely on and documents produced to WowWee by third parties. *See* **RFP Nos. 37–41, 46–50**. Such documents are well within the scope of reasonable and proportionate discovery. *Clinton v. Cal. Dep't of Corr.*, 2:05-cv-1600, 2009 WL 1617811, at *1 (E.D. Cal. June 9, 2009) (granting defendant's motion to compel plaintiff "to produce all documents he intends to use at trial"). WowWee nevertheless refuses, in whole or in part, to produce such documents.

*WowWee's Tactics to Avoid Discovery.* After eight months and hours of conferral, WowWee still refuses entirely to produce documents in response to **RFP Numbers 14, 24, 30, 36–37, 40, 48, and 49**, and continues to simply offer to meet and confer in response to **RFP Numbers 5, 21, 38, 41, and 50**. Even where it responds, WowWee employs several strategies to avoid producing anything more than the cherry-picked documents that WowWee would prefer to produce.

*Related Products.* Given WowWee's publicly announced plans regarding additional My Avastars dolls, and its promotion of a Roblox game code alongside the dolls, Plaintiffs sought discovery on the dolls as well as on WowWee's products generally, including "related Products"—that is, related "toys, action figures, dolls, toy accessories, packaging, and digital content." WowWee has either refused to produce such discovery to date (**RFP Resp. Nos. 1–5, 7, 12–14, 16–18, 20, 35**), or has unilaterally narrowed and redefined "related Products" to mean only "code for the My Avastars: RP Experience corresponding to visual in-game display of the My Avastars Fashion Dolls" (**RFP Resp. Nos. 6, 8, 23;** *see generally* **RFP Resp. No. 29**).

*Narrowing to Sufficient to Show.* Plaintiffs, mindful of discovery burdens, only requested "all documents" where the subject of the documents is central to this case. WowWee nevertheless unilaterally narrowed ten requests that sought "all documents," agreeing to produce only documents "sufficient to show." *See* **RFP Resp. Nos. 2, 20, 22, 25–29, 35, 42.** Such "unilateral narrowing of [] requests for all documents to those 'sufficient to show' is improper." *Laryngeal Mask Co. v. Ambu A/S*, No. 07-cv-1988, 2009 WL 10672487, at *2–3 (S.D. Cal. Jan. 27, 2009).

*Rewriting Requests.* WowWee repeatedly rewrote Plaintiffs' requests, ignoring the discovery Plaintiffs actually sought and instead offering some narrow subset of documents. *See* **RFP Resp. Nos. 2, 6, 8–13, 15–18, 20, 22–23, 25–29, 31–32, 34–35, 39, 42, 46.** For example, where Plaintiffs

sought discovery related to "marketing efforts or initiatives" related to the products at issue, WowWee only agreed to produce "formal marketing plans, press releases, and advertisements that were released to the public." *See* **RFP Resp. No. 9.** And where Plaintiffs sought "Documents sufficient to identify the user names for all social media accounts" used to advertise WowWee's products, WowWee only agreed to produce documents sufficient to show "the official usernames of WowWee's social media accounts." *See* **RFP Resp. No. 10.** Defendants cannot avoid producing discoverable documents simply by rewriting Plaintiffs' actual requests.

***Limiting Responses to Certain Roblox IP.*** WowWee repeatedly limited the documents it agreed to produce to those related to "the Cindy, Lindsey, Kenneth, and Dennis" avatars and, sometimes, the Jazwares figurines as well. *See* **RFP Resp. Nos. 2, 25–29, 35, 39.** There are several problems with this limitation. First, Roblox's trade dress is reflected in all of Roblox's Classic and Modified Classic Avatars—not just the exemplars in the Complaint. Second, Roblox's trademarked name is also at issue. And third, WowWee's responses amount to the absurd contention that a document that references Roblox avatars generally—even if it says "let's copy Roblox's avatars"—is not discoverable simply because it does not include the specific names of the avatars at issue. *See, e.g.*, **RFP Resp. No. 2.** To be discoverable, information need only be likely to lead to relevant information. *See* Fed. R. Civ. P. 26(b)(1). These requests, as written, seek such information.

***Confidentiality Limitation.*** In response to requests regarding Gamefam and Roblox, WowWee agreed to produce a limited set of documents, but only "subject to any non-disclosure obligations." **RFP Resp. Nos. 29, 32, 34.** WowWee took this position even though, during the parties' March 15, 2023 conferral, WowWee took the opposite position—that confidentiality obligations are not a legitimate basis on which to withhold documents. WowWee's position then was correct, and its current position should be rejected. *See Wells v. Gonzales*, No. 17-cv-01240, 2019 WL 4054022, at *6 (E.D. Cal. Aug. 28, 2019) ("Parties are not entitled to withhold documents on the basis of confidentiality . . . .").

## WOWWEE'S POSITION

Plaintiffs' very broad stroke Letter is rife with inconsistencies, partial representations, and mischaracterizations of their own Requests, WowWee's Responses, the record, and the law. As one example, while Plaintiffs feign indignation that Wowwee limited certain Responses to cover only Plaintiffs' works that remain at issue in this case in light of the Court's March 9, 2023 Dismissal Order (Dkt. No. 69), they fail to acknowledge that they did exactly the same (though with less justification) in numerous of their own responses to *WowWee's* requests. And while Plaintiffs fault WowWee for declining to produce documents in response to a handful of requests—which WowWee has done for reasons explained below—Plaintiffs themselves have refused to provide any documents for **well over a third** of WowWee's requests, including plainly relevant ones, while strategically limiting dozens of others. Plaintiffs also misstate the law, including the incorrect assertion that "to be discoverable, information need only be likely to lead to relevant information." *Supra* at p.3; *compare* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain [proportional] discovery regarding … matter ***that is relevant***").

At WowWee's initiation, the parties engaged in multiple rounds of correspondence and meetings to try to resolve each side's concerns with the other's discovery Responses. WowWee then

supplemented its Responses in good faith to address Plaintiffs' concerns. WowWee agreed to provide relevant, responsive documents concerning: Plaintiffs' alleged works in suit; WowWee's marketing, promotion, and distribution of products at issue; WowWee's sales of products at issue; and any knowledge of Plaintiffs' alleged works in suit.[1]

Plaintiffs responded with this Letter, asking the Court to ignore WowWee's reasoned Responses and the limitations on discovery imposed by the Federal Rules, and issue a blanket order requiring WowWee to respond in full to each of Plaintiffs' Requests as drafted—without any regard to the Parties' negotiations, or considerations of vagueness, overbreadth, proportionality, and relevance. Plaintiffs' approach is improper and lacking in good faith. *See Hyams v. CVS Health Corp.*, No. 18-CV-06271-PJH (LB), 2019 WL 5802024, at *1 (N.D. Cal. Nov. 7, 2019) ("The final joint letter brief should include only the core, central unresolved issues and all of the parties' arguments on those issues[.]") (cleaned up); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *1 (N.D. Cal. Mar. 28, 2013) (denial of motion to compel third-party discovery where, *inter alia*, there was "no evidence that [the moving party] … considered additional limitations to the breadth of the document requests based on… objections").

**Plaintiffs' vague "relevancy" arguments are unpersuasive.** Plaintiffs' argument that their Requests "seek discoverable information" is merely a series of general statements for the proposition that *some* documents within *general categories* of information Plaintiffs purport to seek are *often* relevant to *some* claims. This is a straw man: WowWee does not seek to resist discovery as a general matter. Rather, WowWee's Responses address the Requests' vagueness and ambiguity, attempt to remedy their facial overbreadth and plain lack of proportionality, and seek to limit them to relevant topics. *See, e.g.*, **RFP Nos. 2, 20, 22, 25, 26, 27, 28, 42** (seeking "all documents…" or "all communications…") and corresponding **RFP Resp**.[2]

**WowWee's targeted narrowing of specific requests is proper.** Stripped of its rhetoric, Plaintiffs' claim that WowWee has engaged in "tactics" to "avoid discovery"—such as what Plaintiffs disingenuously refer to as "rewriting" Requests—simply means that WowWee has attempted to address serious issues with Plaintiffs' Requests by *offering reasonable compromises*, *interpreting vague or ambiguous language*, and *agreeing to produce* relevant, responsive documents accordingly. The same applies in the handful of cases where WowWee limits its Responses to documents "sufficient to show" relevant information, including **RFP Nos. 9 and 10**, which Plaintiffs single out above. Such good faith narrowing is not only entirely proper: it is required. *See Updateme Inc. v. Axel Springer SE*, No. 17-CV-05054-SI (LB), 2018 WL 5734670, at *4 (N.D. Cal. Oct. 31, 2018) (Beeler, Mag. J.) (the "process[] is meant to encourage parties to (1) talk with each other, see each other's positions, try to find areas of compromise, and work out disputes amongst themselves, and (2) narrow, sharpen, and focus the issues they cannot resolve before they present those issues to the court"). As this Court has recognized, unduly "broad

---

[1] For a handful of Requests that lack any relevance, WowWee declined to produce documents. Like Plaintiffs, WowWee has been producing documents on a rolling basis as the parties agreed and plans additional production this week. Plaintiffs have to date produced a scant handful of documents, largely Copyright Office records and run-of-the-mill business agreements.

[2] WowWee has agreed to supplement its responses to RFP Nos. 15 - 18, mooting Plaintiffs' arguments.

phrasing of … requests … renders them overbroad and vague," and is a basis for rejecting such requests in their entirety. *See, e.g.*, *RG Abrams Ins. v. L. Off. of C.R. Abram*, 2020 WL 7695374, at *5 (N.D. Cal. Dec. 28, 2020) (Illman, Mag. J.) (denying "overbroad and vague" requests for "all communications and documents relating to" certain claims). Yet as Plaintiffs' Letter indicates, they simply refuse *any* reasonable limitation or compromise.

**WowWee appropriately narrows Plaintiffs' Requests concerning undefined "related Products."** Plaintiffs argue that WowWee's interpretation of the undefined term "related Products" to mean both the My Avastars dolls, *and* relevant portions of the Gamefam My Avastars:RP code, is somehow improper because WowWee allegedly announced "plans" and engaged in "promotion[s]" for additional products. But WowWee has already agreed to produce documents concerning all My Avastars dolls that have been, or will be, released, as well as relevant portions of the My Avastars:RP code. Nothing connects other hypothetical plans to Plaintiffs' claims or WowWee' defenses, as Rule 26 requires. If Plaintiffs believe additional products are relevant to their claims, they should be required to identify any such products and explain their relevance to specific requests.

**WowWee's limitation of certain requests to Plaintiffs' works at issue in the action is proper.**
The Court has dismissed all but four of Plaintiffs' alleged copyrights (the Cindy, Lindsey, Kenneth, and Dennis avatars), and the operative complaint pleads only three Jazwares figurines, yet Plaintiffs argue that WowWee may not limit its responses to cover only those works that are actually at issue in this case. For example, WowWee has agreed to produce conception, design and development documents that are relevant to Plaintiffs' works still at issue in this case, but not discovery for works that have now been dismissed and are no longer relevant. *See* **RFP Resp. No. 2**. Yet Plaintiffs continue to seek wide-ranging, burdensome discovery of "all documents" that are in *any* way "related to" the "conception, design, and development of My Avastars Fashion Dolls," while simultaneously refusing to provide any discovery *themselves* about the dismissed works. Their theories of relevance are unpersuasive for multiple reasons, including that Plaintiffs' copyright claims can only rest on copying of, and substantial similarity to, *Plaintiffs' remaining works in suit*—so the conception, design, and development of Plaintiffs' works *not* in the case, including dismissed works, have no relevance to these claims. Similarly, because Plaintiffs' trademark and trade dress claims rest on works they have pleaded, discovery concerning other Roblox or Jazwares avatars or products is irrelevant. Plaintiffs' overbroad Requests should be limited, as WowWee has done. *See* **RFP Resp. Nos. 2, 25, 26, 27, 28, 29, 35, 39**.

Finally, Plaintiffs' arguments above with respect to third party confidentiality and potential nondisclosure agreements mistake WowWee's position: WowWee does not intend to *per se* withhold documents that are subject to a non-disclosure agreement or that a third party has designed confidential, but must reserve the right to comply with any confidentiality obligations it may have—by, for example, giving third parties an opportunity to object and intervene if required before WowWee discloses information. *See* **RFP Resp. Nos. 29, 32, 34**.

Plaintiffs' refusal to compromise or engage WowWee in good faith should not be rewarded: the Court should reject their blanket request to obtain unlimited discovery, untethered to relevance or proportionality. At a minimum, the Court should discount Plaintiffs flawed broad-stroke arguments and require them to specifically justify the sweeping additional discovery they seek.

LATHAM&WATKINS LLP

Respectfully submitted,

| LATHAM & WATKINS LLP | WINSTON & STRAWN LLP |
|---|---|
| By: /s/ *Elana Nightingale Dawson*<br>    Andrew M. Gass (Bar No. 259694)<br>      andrew.gass@lw.com<br>    Sarah M. Ray (Bar No. 229670)<br>      sarah.ray@lw.com<br>    Ivana Dukanovic (Bar No. 312937)<br>      ivana.dukanovic@lw.com<br>    505 Montgomery Street, Suite 2000<br>    San Francisco, California 94111<br>    Telephone: +1.415.391.0600<br><br>    Elana Nightingale Dawson (*pro hac vice*)<br>      elana.nightingaledawson@lw.com<br>    Tyce R. Walters (*pro hac vice*)<br>      tyce.walters@lw.com<br>    555 Eleventh Street, NW, Suite 1000<br>    Washington, DC 20004<br>    Telephone: +1.202.637.2200<br><br>*Attorneys for Plaintiffs Roblox Corporation and Jazwares, LLC* | By: /s/ *Thomas J. Kearney*<br>    Thomas J. Kearney<br>    (SBN: 267087)<br>      TKearney@winston.com<br>    Jennifer A. Golinveaux<br>    (SBN: 203056)<br>      JGolinveaux@winston.com<br>    WINSTON & STRAWN LLP<br>    101 California Street, 35th Fl.<br>    San Francisco, CA 94111-5840<br>    Telephone: (415) 591-1000<br>    Facsimile: (415) 591-1400<br><br>    Diana Hughes Leiden (SBN: 267606)<br>      DHLeiden@winston.com<br>    WINSTON & STRAWN LLP<br>    333 South Grand Ave., 38th Fl.<br>    Los Angeles, CA 90071-1543<br>    Telephone: (213) 615-1700<br>    Facsimile: (213) 615-1750<br><br>    Michael S. Elkin<br>    (admitted *Pro Hac Vice*)<br>      MElkin@winston.com<br>    WINSTON & STRAWN LLP<br>    200 Park Avenue<br>    New York, NY 10166-4193<br>    Telephone: (212) 294-6700<br>    Facsimile: (212) 294-4700<br><br>    Michael D. Bednarek<br>    (admitted *Pro Hac Vice*)<br>      michael@bednareklegal.com<br>    BEDNAREK LEGAL, PLLC<br>    1100 N. Glebe Road, Suite 1010<br>    Arlington, VA 22201<br>    Telephone: (202) 997-1665<br>    Facsimile: (703) 224-8001<br><br>*Attorneys for Defendants WowWee GROUP LIMITED, WowWee CANADA, INC., WowWee USA, INC., and GRAMPS GOODS, INC.* |

## ATTESTATION

I, Elana Nightingale Dawson, am the ECF User whose identification and password are being used to file the foregoing Joint Discovery Letter Brief. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: June 26, 2023

LATHAM & WATKINS LLP

By: /s/ *Elana Nightingale Dawson*
Elana Nightingale Dawson (*pro hac vice*)

*Attorney for Plaintiffs Roblox Corporation and Jazwares, LLC*

cc:  Counsel of record via CM/ECF