**WINSTON & STRAWN**
LLP

July 19, 2023

**VIA CM/ECF**

The Honorable Susan Illston
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom No. 1 – 17th Floor
San Francisco, CA 94102

Re:   *Roblox Corp., et al. v. WowWee Grp. Ltd., et al.*, Case No. 3:22-cv-04476-SI (N.D. Cal.)

Dear Judge Illston:

**WOWWEE'S POSITION**

Plaintiffs have failed to provide key categories of discovery and backtracked on their prior commitments to produce highly relevant documents that they agreed months ago to produce. In contrast to Plaintiffs' "kitchen sink" motion, Dkt. 99, WowWee moves to compel specific documents that are critical to Plaintiffs' alleged ownership of the IP at issue, their alleged damages, and WowWee's defenses. In light of the September 13, 2023 close of fact discovery, WowWee asks that the Court set a prompt deadline for Plaintiffs to produce the following categories of documents as well as the documents Plaintiffs have agreed to produce but have failed to do so.

***Roblox must produce documents relevant to its alleged IP.*** Roblox reneged on its commitment to produce documents regarding the conception, design, and development of the Avatar Bases, the "Claire Dancefiend" Avatar, and the two Third Party Avatar Characters ("Brookhaven Customer" and "Stylz Salon Stylist").[1] The Avatar Bases are Roblox's basic templates, consisting of simple geometric shapes and generic features (FAC ¶¶ 4, 30) from which other avatars are derived—including, as Roblox acknowledges, the Cindy, Lindsey, Kenneth, and Dennis ("CLKD") Avatars that remain at issue in this case. *Id.* ¶ 148 ("these four works [are] derivative of Roblox Classic Avatar bases"). The Third Party Avatar Characters, which Roblox claims to own under its revised Terms of Use, were created by Roblox users customizing the Avatar Bases. *Id.* ¶ 45. The Roblox-designed "Claire Dancefiend" Avatar is also derivative of the Avatar Bases. *Id.* ¶ 31.

Notwithstanding that the Court dismissed Plaintiffs' copyright claims for the unregistered Avatar Bases and the late-registered avatars, the *design* of those works remains highly relevant to the scope of Roblox's rights in the four, concededly derivative, CLKD Avatars. Because those works share features (such as "cylindrical heads" and "block-shaped legs") that Roblox alleges were infringed (*see* FAC ¶¶ 30-31), documents indicating that the Avatar Bases copied these elements from *other* works would be directly relevant to the scope of protection for the works still in suit.

---

[1] *See* Exs. 1-2, WowWee's RFPs to Roblox & Roblox's June 9, 2023 Am. Resp. to **RFPs 1, 2, 3, 5, 6, 7, 9, 10, 11, 13, 17, 32, 39, 43**. While Roblox agreed to produce certain documents related to the "Roblox Girl" base and (only in the face of this letter) agreed to produce certain unspecified "documents related to the blocky avatar base" going back only to 2013, it fails to commit to fully respond to the RFPs outlined herein. Roblox also still refuses to produce any documents relating to the other avatars which are still relevant to the trade dress claim given that they fall in the category of "Modified Classic Avatars" that incorporate the alleged trade dress. FAC ¶ 57; Dkt. 99 at 3.

Documents concerning the design of the dismissed works are also relevant to Plaintiffs' trade dress, which Roblox itself asserts "is reflected in **all of Roblox's Classic and Modified Classic Avatars** ... ." Dkt. 99 (emphasis added).[2] Roblox should be ordered to produce documents responsive to **RFPs 1-3, 5-7, 9-11, 13, 17, 32, 39, and 43**, without the improper limitation to only the CLKD Avatars and as to date, which appears designed to avoid producing relevant documents given that the Avatar Bases were designed well before 2013.

***Documents relating to LEGO and Minecraft.*** Plaintiffs seek to protect commonplace features that have been prominently used in the same combinations for decades in extremely well-known toys and games like LEGO and Minecraft. Documents and communications referencing LEGO and Minecraft are relevant to whether Plaintiffs copied those features from those sources and to the scope of Plaintiffs' rights, if any, in those features. In response to Roblox's overbreadth objection to a request for "documents and communications mentioning 'LEGO' or 'Minecraft'" (**RFP 21 to Roblox**), WowWee offered to narrow the request to documents that also "related to the design of any Roblox Avatar or any Jazwares Minifigure." Roblox refused this reasonable compromise. Jazwares also refused to produce any documents relating to Minecraft in response to **RFP 18**.[3] The Court should order Plaintiffs to produce documents that relate to LEGO or Minecraft, that also relate to the design of any Roblox Avatar or Jazwares Minifigure, as WowWee proposed.

***Discovery relating to Plaintiffs' alleged damages.*** Because Roblox's late-registered works are ineligible for statutory copyright damages, *see* 17 U.S.C. § 412, Plaintiffs must prove *actual damages* for their remaining copyright, trademark, and trade dress claims. Yet Roblox has failed to produce even the most basic documents and information concerning its purported damages—such as its gross revenues and net profits relating to the works in suit, or documents showing any lost revenues or profits—despite agreeing to produce relevant documents and information in response to **Interrogatories 9 and 10** and **RFPs 18, 19, 20, and 29** months ago.[4] Jazwares has likewise refused to produce documents in response to **RFP 15** regarding its claimed damages.[5] Plaintiffs should be compelled to promptly respond fully to these requests.

***Documents relating to Roblox's revised Terms of Use.*** In June 2022, Roblox modified its Terms of Use in an effort to retroactively expand its claimed IP to encompass anything it determines, in its "sole discretion," to have been modified from the unregistered Avatar Bases. *See* FAC, Ex. 1(a). Yet it refuses to produce any documents regarding occasions on which it permitted or denied third parties to receive right, title, and interest in works they created, pursuant to the revised Terms (**RFPs 53-54 to Roblox**) or customer complaints and grievances about those Terms (**RFP 31 to Roblox**). And while Roblox agreed to produce documents about its revisions in response to **RFP 30**, it has failed to produce them. These documents, focused on why Roblox revised the Terms,

---

[2] "Modified Classic Avatars" are "Roblox avatars that have been modified by Roblox users and creators" that Roblox claims to own under its revised Terms of Use, FAC ¶ 45. By Plaintiffs' definition, the Third Party Avatar Characters are "Modified Classic Avatars."
[3] *See* Ex. 3-4, WowWee's RFPs to Jazwares & Jazwares' RFP Resp.
[4] See Ex. 5-6, WowWee's Interrogatories to Roblox & Roblox's Resp. Roblox agreed to produce documents showing "Roblox's total and average bookings and net profits" attributable to the works at issue. To the extent that "bookings" differs from "gross revenues," Roblox should be compelled to respond to the RFPs as written.
[5] Plaintiffs assert that the parties did not "directly" confer about Jazwares' RFP responses, but RFP 15 at issue was the subject of meet and confer correspondence as early as ***February 2023***.

how it enforces them, and how it exercises its "sole discretion," are directly relevant to Plaintiffs' claims that WowWee violated the Terms and infringed its rights, *see* FAC ¶¶ 188-217, and many of WowWee's affirmative defenses which depend in part on WowWee's position that the Terms of Use are unconscionable under California law. *See* Dkt. 74 at 22-25.[6] Roblox should be ordered to promptly produce all documents responsive to **RFPs 30, 31, 53, and 54**.

***Roblox's improper narrowing***. In response to dozens of RFPs, Roblox agreed only to produce documents "maintained in the ordinary course of business."[7] Additionally, Roblox generally objected to producing any documents dated prior to January 1, 2018 or after August 2, 2022, and specifically narrowed other responses to January 1, 2018 to the present.[8] And Roblox's general objection to producing documents outside the January 1, 2018 to August 2, 2022 timeframe is inappropriate given that many critical categories of documents (including the design documents noted above) would necessarily be dated prior to 2018; the Avatar Bases were created years before that. *See* FAC ¶ 27.[9] Roblox should be compelled to produce responsive documents: (a) in its possession, custody, or control, and (b) without a time limitation.

**ROBLOX'S AND JAZWARES' POSITION**

In a misguided attempt to balance the equities, WowWee has manufactured nonexistent discovery disputes, and brought to this Court matters that—contrary to this Court's Standing Order— Defendants have not discussed directly with Plaintiffs. WowWee accuses Plaintiffs of bringing a "kitchen sink motion." But Plaintiffs brought a wide-ranging motion, Dkt. No. 99, because WowWee refused to take reasonable positions in response to most of Plaintiffs' requests. Roblox has, in contrast, taken reasonable positions, leaving WowWee no choice but to grasp at straws.

***Timeline.*** WowWee complains that Roblox has not produced certain financial documents, and asks the Court to compel Plaintiffs to "promptly respond." This request is surprising: WowWee never once raised such concern, presumably because, as WowWee told this Court, the parties agreed to produce "documents on a rolling basis[.]" Dkt. No. 99, at 4 n.1. In fact, when WowWee did request the production of certain documents at a specific time (prior to mediation), Roblox obliged. In any event, Roblox is working with its financial team to pull the data necessary to produce documents responsive to RFPs 18–20 and 29, which it will produce as soon as possible.

---

[6] This includes WowWee's affirmative defenses of unclean hands, express or implied license, acquiescence, waiver, and estoppel.

[7] **RFPs 1, 3, 4, 7-10, 12, 13, 17-20, 22-24, 27-30, 33, 39, 42-46, 49,** and **51**. This is improper. Fed. R. Civ. P. 34(a)(1); *Rackliffe v. Rocha*, 2012 WL 1158855, at *4 (E.D. Cal. Apr. 6, 2012) (party "must produce documents … which are in their 'possession, custody or control.'"). In the face of this letter, Roblox offered for the first time to amend its responses, but has not served them.

[8] *See* Ex. 1, Roblox's Am. Resp. to **RFPs 42, 44-46.**

[9] Roblox belatedly claims that it will change the timeframe for *some* RFPs to **2013**-2022 in the face of this letter, but even that is plainly insufficient given, for example, that the Avatar Bases were designed well before 2010. FAC ¶¶ 4, 27, 30. And Roblox now offers to "remove the temporal limit" for RFPs 42, 44, 45, and 46 but has not amended its responses and has not withdrawn its general objection to producing any documents outside the 2018-2022 timeframe. *See* Ex. 2 at 4-5.



WowWee also complains—for the first time—that Roblox has not produced "documents about its revisions" to its Terms of Use. Given the legal nature of those Terms, most such documents are privileged and will be included on Roblox's privilege log. *See* ESI Stipulation, Dkt. No. 76 § 7. If Roblox identifies any such documents that are not privileged, Roblox will produce them.

WowWee never conferred directly regarding Jazwares's responses to WowWee's Requests for Production.[10] As stated in Jazwares's response, and as contemplated by the Court's Standing Order, Jazwares remains ready and willing to confer with WowWee regarding RFP 15.

***Discovery scope.*** WowWee again raises two issues on which it did not previously confer directly with Plaintiffs. First, it complains about Roblox's agreement to produce documents "maintained in the ordinary course of business." With that language, Roblox intended to make clear that, as contemplated by Rule 34, it would not create documents where none exist. Presumably that is why WowWee used the same language in its RFP responses. *See* Dkt. No. 99-4, RFP Resps. 36–38 (objecting "to the extent [the Request] seeks documents not kept in the ordinary course of business"). To avoid any confusion, Roblox will amend its responses to make clear that it will produce documents in its possession, custody, or control in the forms in which such documents are ordinarily maintained or in reasonably usable forms. *See* Fed. R. Civ. P. 34(b)(2)(E)(ii).

Second, WowWee takes issue with Roblox's inclusion in its amended responses of reasonable time limits, asking this Court to instead order Roblox "to produce responsive documents . . . without a time limitation." But as Roblox explained to WowWee, WowWee's failure to include any time limitation in its requests renders them overbroad and unduly burdensome. *See, e.g.*, Ex. 2, RFP Resp. 1; *see PPFA v. Ctr. for Med. Progress*, No. 16-cv-00236, 2019 WL 317597, at *10 (Jan. 24, 2019), *aff'd* 2019 WL 495600 (N.D. Cal. Feb. 8, 2019) ("The request is also overbroad to the extent that it is unbounded as to time."). Although WowWee now seeks an order compelling Roblox to omit all temporal limits on its responses, the only specific RFPs WowWee discusses are (a) those that relate to the design of the Avatar Bases, and (b) those for "all Documents" Roblox relied on or intends to rely on "to support the allegations in the FAC"; "in preparing [its] Interrogatory responses"; or "at any hearing or at trial." Ex. 1, RFPs 42, 44, 45. As to the former, Roblox did ***not*** impose a January 1, 2018 limit. Rather, in the interest of compromise, Roblox agreed to produce documents from January 1, **2013** to August 2, 2022. *See* Ex. 2, RFP Resps. 17, 32, 43.[11] As to the latter (as well as RFP 46), Roblox will amend its responses to remove the temporal limit. As to the remainder of WowWee's requests, Roblox identified a January 1, 2018 start date because the works at issue were completed and first published in or after 2018. And for requests seeking documents related to pre-lawsuit matters, it identified an August 2, 2022 end date—the date Plaintiffs filed suit. Reaching beyond that date, such as by seeking all post-filing documents mentioning Defendants, would be disproportionate and unduly burdensome.

***Works not at issue.*** WowWee asked this Court to dismiss Plaintiffs' copyright claims with respect to the Avatar Bases and the Dancefiend, Brookhaven, and Stylz Salon digital avatars (along with the Jazwares figurine copyrights). This Court agreed. *See* Dkt. No. 69. Now, WowWee insists it is nevertheless entitled to broad discovery related to those works. Not so. First, WowWee

---

[10] By referring only to "correspondence" in footnote 5, WowWee effectively concedes that the parties have never conferred directly, as the Court's Standing Order requires.

[11] WowWee contends Roblox offered to use a 2013 start "in response to this letter," but as Exhibit 2 shows, Roblox included the 2013 start date in its June 9, 2023 responses.

contends that "the design of those works" is relevant because the works at issue are "concededly derivative" of the dismissed works and all of Roblox's avatars reflect Roblox's trade dress. The former point, however, is only true with respect to the Avatar Bases. As explained below, Roblox has agreed to produce such documents with respect to the Avatar Bases. The discovery WowWee seeks about the Dancefiend, Brookhaven, and Stylz Salon avatars, in contrast, is simply not relevant. To take just one example, WowWee seeks "[a]ll Communications with Daniel Wolf"—the creator of the Brookhaven avatar. Such Communications have nothing to do with Roblox's copyrights in the works that remain in the suit. Nor do they pertain to the scope of Roblox's trade dress (or WowWee's infringement thereof). And WowWee has failed to carry its burden to show otherwise. *See, e.g.*, *Williams v. Condensed Curriculum Int'l*, No. 20-cv-05292, 2021 WL 5069946, at *2 (N.D. Cal. Nov. 2, 2021) ("[A] moving party bears the burden of . . . demonstrating relevance[.]"); *cf. Marshall v. Huffman*, No. 10-cv-1665, 2013 WL 12172635, at *2 (N.D. Cal. Oct. 10, 2013) (Illston, J.) ("plaintiff has not shown the relevance of footage of defendant creating and/or producing musical compositions and sound recordings that are not at issue in this case").

**_Brands not at issue._**  Plaintiffs are unsure of what, exactly, Defendants are seeking with respect to LEGO and Minecraft. Roblox has agreed to produce all documents and communications "concerning the conception, design, and development" of the works at issue, including the Avatar Bases. *See* Ex. 2, RFP Resps. 1, 3, 4. Jazwares will likewise produce documents concerning the conception, design, and development of the figurines at issue. As a result, any documents concerning the conception, design, and development of the works at issue that also reference LEGO or Minecraft will necessarily be captured and produced. To the extent WowWee seeks more than the foregoing, WowWee has not explained what it seeks or its relevance.[12]

**_Third parties not at issue._**  WowWee seeks broad discovery into Roblox's interactions with unrelated, unnamed third parties related to Roblox's Terms of Use, yet it provides no explanation for why such discovery is relevant. It is not. Whether or the extent to which unrelated Roblox users complained about changes to Roblox's Terms has nothing to do with whether WowWee infringed Roblox's intellectual property rights. Likewise irrelevant to WowWee's infringement is how Roblox chose to address intellectual property matters with respect to other Roblox users. *See Virtue Glob. Holdings Ltd. v. Rearden LLC*, No. 15-cv-00797, 2016 WL 11768715, at *8 (N.D. Cal. June 21, 2016) ("[R]epresentations by a third party . . . to other third parties about SHST's or Plaintiff VGH's ownership rights are not relevant or binding on SHST or Plaintiff VGH.").

**_Blocky avatar._**  Roblox agreed to produce documents with respect to Roblox Girl from January 1, 2013 to August 2, 2022. In the interest of compromise, Roblox will also produce documents related to the blocky avatar base from the same time period, and trusts this will spare the Court from having to address this matter.

---

[12] WowWee's requests for LEGO- and Minecraft-related discovery are also overbroad and disproportionate, given that Minecraft is a Roblox competitor, Jazwares made Minecraft toys, and LEGO, like Jazwares, is a toy company. These terms will therefore return an enormous volume of unresponsive material, when other narrower terms will adequately capture the design-related documents WowWee ostensibly seeks.

Respectfully submitted,

By: */s/ Diana Hughes Leiden*

Jennifer A. Golinveaux (SBN: 203056)
*JGolinveaux@winston.com*
Thomas J. Kearney (SBN: 267087)
*TKearney@winston.com*
**WINSTON & STRAWN LLP**
101 California Street, 35th Fl.
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Diana Hughes Leiden (SBN: 267606)
*DHLeiden@winston.com*
**WINSTON & STRAWN LLP**
333 South Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael S. Elkin (admitted *Pro Hac Vice*)
*MElkin@winston.com*
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Michael D. Bednarek (admitted *Pro Hac Vice*)
*michael@bednareklegal.com*
**BEDNAREK LEGAL, PLLC**
1100 N. Glebe Road, Suite 1010
Arlington, VA 22201
Telephone: (202) 997-1665
Facsimile: (703) 224-8001

*Attorneys for Defendants
WowWee GROUP LIMITED, WowWee
CANADA, INC., WowWee USA, INC., and
GRAMPS GOODS, INC.*

LATHAM & WATKINS LLP

By: */s/ Elana Nightingale Dawson*
    Andrew M. Gass (Bar No. 259694)
     andrew.gass@lw.com
    Sarah M. Ray (Bar No. 229670)
     sarah.ray@lw.com
    Ivana Dukanovic (Bar No. 312937)
     ivana.dukanovic@lw.com
    505 Montgomery Street, Suite 2000
    San Francisco, California 94111
    Telephone: +1.415.391.0600

    Elana Nightingale Dawson (*pro hac vice*)
     elana.nightingaledawson@lw.com
    Tyce R. Walters (*pro hac vice*)
     tyce.walters@lw.com
    555 Eleventh Street, NW, Suite 1000
    Washington, DC 20004
    Telephone: +1.202.637.2200

*Attorneys for Plaintiffs Roblox Corporation and Jazwares, LLC*

## ATTESTATION

I, Diana Hughes Leiden, am the ECF User whose identification and password are being used to file the foregoing Joint Discovery Letter Brief. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: July 19, 2023                       By: */s/ Diana Hughes Leiden*
                                                                 Diana Hughes Leiden

                                                                 *Attorney for Defendants*

cc:     Counsel of record via CM/ECF