Elana Nightingale Dawson
elana.nightingaledawson@lw.com
*Attorneys for Plaintiffs Roblox Corporation and Jazwares, LLC*

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS LLP**

August 11, 2023

**VIA CM/ECF**

The Honorable Susan Illston
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom No. 1 – 17th Floor
San Francisco, CA 94102

Re:   *Roblox Corp., et al. v. WowWee Grp. Ltd., et al.*, Case No. 3:22-cv-04476-SI (N.D. Cal.)

Dear Judge Illston:

### ROBLOX AND JAZWARES' POSITION

Although Plaintiffs propounded document requests nine months ago and discovery now closes in just over a month, Defendants have collectively produced only 375 documents (just 11% of the total documents produced).  Moreover, Defendants refuse to even collect and search the documents of Peter Yanofsky—the President of Gramps Goods, a Director of WowWee Group Limited, and the President, Secretary and Director of WowWee USA—despite Mr. Yanofsky's sworn statement in another case that his "role as President of WowWee USA" means he is "intimately familiar with the business operations of WowWee."  *See* Decl. of Peter Yanofsky ¶ 4, *S&N Enters., Inc. of Va. v. WowWee USA, Inc.*, No. 18-cv-02255 (S.D. Cal. Nov. 16, 2018), Dkt. No. 14-1.  Given the rapidly nearing discovery cut off, and the fact that WowWee Group Limited has produced just three documents and Gramps Goods has produced none, Plaintiffs have no choice but to ask the Court for an Order compelling Gramps Goods, WowWee USA, and WowWee Group Limited to add Peter Yanofsky as a custodian.[1]

***Proposed Custodian Peter Yanofsky.***   Because Defendants have produced so few documents, Plaintiffs have had to look elsewhere to identify the proper custodians for this matter.  As part of that process, Plaintiffs found Peter Yanofsky's affidavit in another matter involving WowWee USA, where he averred that, given his "role as President of WowWee USA," he is "intimately familiar with the business operations of WowWee."  *See* Decl. of Peter Yanofsky ¶ 4, *S&N Enters., Inc. of Va. v. WowWee USA, Inc.*, No. 18-cv-02255 (S.D. Cal. Nov. 16, 2018), Dkt. No. 14-1.  Although Defendants dismiss Yanofsky's sworn statement about his intimate knowledge as a "five-year old" affidavit, there is no dispute that Mr. Yanofsky held the same position as President of WowWee USA at all times relevant to this litigation.  Because of that intimate knowledge, the fact that Defendants are a collection of self-described "family-owned toymaker[s],"[2] and his direct involvement in three of the four of them, Plaintiffs asked Defendants to include Peter Yanofsky as a custodian.

---

[1] Despite conferring multiple times via email, as well as by Zoom on August 1, 2023, the parties have not been able to resolve the dispute addressed herein.

[2] *See* WowWee, *WowWee Media Statement in Response to Roblox Corp. Lawsuit* (Aug. 3, 2022), https://www.prnewswire.com/news-releases/wowwee-media-statement-in-response-to-roblox-corporation-lawsuit-301599521.html.

LATHAM&WATKINS LLP

Defendants refused, based on their assertion that Peter Yanofsky "had no involvement in the conception, development, marketing, or sale of My Avastars dolls or the game at any point." But Defendants have not produced a *single document* about the conception, design, or development of the My Avastars dolls, making it impossible to test or confirm this assertion. Plaintiffs have previously raised the impropriety of Defendants' refusal to produce these critical documents—a matter that is separately pending before this Court in the Parties' first Joint Discovery Letter Brief. *See* Dkt. No. 99 at 1 (discussing Defendants' "unilateral[] rewriting and narrowing" of the requests, such as RFP No. 2); *see also Laryngeal Mask Co. v. Ambu A/S*, No. 07-cv-1988, 2009 WL 10672487, at *3 (S.D. Cal. Jan. 27, 2009) (rejecting defendant's attempt to "unilaterally deem[] relevant" only certain design features of the "Accused Product" and otherwise withhold such documents because it provided "no way for [plaintiff] and the Court to evaluate the sufficiency of the production"). Defendants cannot have it both ways; by refusing to make Mr. Yanofsky a custodian because (they assert) he was not involved in the conception, design or development of the dolls, Defendants concede the relevance of those topics[3] and must stop withholding responsive documents from production. At any rate, Mr. Yanofsky's asserted "intimate knowledge" is of WowWee USA's business operations, which WowWee USA admitted in its interrogatory responses *include* the conception, design, creation, manufacturing, and sale of the products at issue.

Defendants also contend that Peter Yanofsky should not be a custodian because of the apex doctrine. That doctrine, however, is designed "to prevent harassment of a high-level corporate official where he or she has little or no knowledge." *Ray v. BlueHippo Funding, LLC*, No. 06-cv-1807, 2008 WL 4830747, at *2 (N.D. Cal. Nov. 6, 2008). It does not apply where, as here, the CEO of a "relatively small company, not a large corporation" is at issue and that executive has "intimate knowledge" of the company's activities. *See id.* As Sydney Wiseman has explained, she is a "brand manager at the company owned by her uncles, Richard Yanofsky . . . and Peter Yanofsky."[4] And, even more importantly, Defendants are "not really big on titles," thereby reinforcing that everyone involved in running the Defendants' family-owned and operated companies has a hand in the matters at issue in this case. Because Peter Yanofsky runs "WowWee's U.S. operations," he is a particularly important custodian.[5] Given Peter Yanofsky's intimate familiarity with one of the entities at the center of this case—the entity that employs Sydney Wiseman, who has said she had the idea for the dolls—Peter Yanofsky is a hardly a person to whom the apex doctrine would apply. *See id.*

Finally, discovery from Mr. Yanofsky is necessary because he is directly involved in two of the defendants for which almost no documents have been produced. Gramps Goods and WowWee

---

[3] Defendants have also conceded the relevance of these documents by, among other things, listing in their initial disclosures "[d]ocuments and correspondence concerning the design of the My Avastars Fashion Dolls" as material Defendants may use "to support their claims or defenses" and propounding requests for production that seek documents relating to the design and development of *Plaintiffs'* intellectual property.

[4] McGill News, *The woman behind the Toy of the Year*, https://mcgillnews.mcgill.ca/s/1762/news/interior.aspx?sid=1762&gid=2&pgid=1901 (emphasis added).

[5] *See* Jacobs Retina Center, *Toy Story*, http://jacobsretina.ucsd.edu/2016/03/02/toy-story/.

Group Limited have, respectively, produced **zero** and **three** documents, and Gramps Goods has failed to offer up a single custodian. Defendants claim that two custodians—Richard Yanofsky and Darrin Rosenthal—are, in fact, "Gramps Goods' Vice President" and "Secretary and CFO," respectively. In their interrogatory responses, however, Defendants identified these individuals as being related to *other* entities, and they have not produced a single document from these custodians, let alone any discovery to confirm their purported relationship to Gramps Goods. When Plaintiffs raised concerns with Defendants' position regarding both Peter Yanofsky and document production generally, given the imminent discovery deadline, Defendants responded that they expected the Court to "set an independent deadline for any documents that are ordered to be produced." In other words, Defendants expect compliance with any such order to occur after the close of discovery—*i.e.*, after their own employees have been deposed. As a result, by the time Plaintiffs have documents that might allow them to evaluate Peter Yanofsky's role in the matters at issue, it will be too late.[6]

## **WOWWEE'S POSITION**

WowWee opposes Plaintiffs' request to add Peter Yanofsky as a document custodian because, among many other reasons, Plaintiffs provide no basis to seek discovery from "apex" WowWee officer Peter Yanofsky, particularly in light of Defendants' repeated, unequivocal representations that Mr. Yanofsky lacked any meaningful involvement with the My Avastars dolls at issue in this case at any time. WowWee also strongly disagrees with Plaintiffs' characterizations of the parties' document production efforts to date.

Plaintiffs provided this letter to WowWee on August 10, 2023 at 8:42am and demanded WowWee's portion by 12pm that same day. The redline comparison between Plaintiffs' initial letter on this issue—to which WowWee had previously prepared a response and provided it to Plaintiffs—and Plaintiffs' new August 10 version, is shown below. As Plaintiffs acknowledge, their letter contained arguments and authority omitted from the original version. Indeed, the letter was completely rewritten with new argument, new legal and factual authority, "replies" to WowWee's responses, and dropping one of the two issues Plaintiffs had originally moved on, entirely outdating WowWee's response, WowWee offered to provide its portion of the new letter to Plaintiffs by Monday, August 14. Plaintiffs refused and stated that they intended to file a "unilateral letter" on the basis that the August 10 letter did not "contain[] new content that you have not yet had a chance to assess." That position is frivolous, as shown in the comparison below. Because Plaintiffs' tactics have made a substantive joint statement impossible, WowWee will submit an individual statement pursuant to Section 3 of the Court's Standing Order on August 14, 2023 with its substantive positions on Plaintiffs' request to add Mr. Yanofsky as a custodian.

---

[6] Plaintiffs' position regarding Mr. Yanofsky has remained the same and has been fully known by Defendants for weeks; indeed, Defendants fail to mention that Plaintiffs shared with Defendants the arguments ***and*** the factual authority contained in this letter via email on July 25, 2023, to which Defendants responded on July 26, 2023, and on August 3, 2023. Despite this, Plaintiffs agreed to give Defendants an extra day to respond to these same arguments again. Defendants refused, opting instead to use their allotted space to attach a redline that reflects that Plaintiffs ***omitted*** an entire dispute after Defendants clarified their position on it—a sign that the conferral process was partially successful.

**ROBLOX AND JAZWARES' POSITION**

Although Plaintiffs propounded document requests nine months ago and discovery now closes in just over a month, Defendants do not intend to produce any documents about the conception, design, or development of the products at issue—even though they concede such information is relevant—unless and until the Court orders them to do so. Given the rapidly approaching end of fact discovery, along with Defendants' combined production of only 171 documents to date (just 11% of the total documents produced). Moreover, Defendants refuse to even collect and search the documents of Peter Yanofsky—the President of Gramps Goods, a Director of WowWee Group Limited, and the President, Secretary and Director of WowWee USA—despite Mr. Yanofsky's sworn statement in another case that his "role as President of WowWee USA" means he is "intimately familiar with the business operations of WowWee." *See* Decl. of Peter Yanofsky ¶ 4, *S&N Enters., Inc. v. WowWee USA, Inc.*, No. 18-cv-02255 (S.D. Cal. Nov. 16, 2018), Dkt. No. 14-1 in this case), Plaintiffs. Given the rapidly nearing discovery cut off, and the fact that WowWee Group Limited has produced just three documents and Gramps Goods has produced none, Plaintiffs have no choice but to again seek the Court's assistance. For the reasons detailed herein, Plaintiffs respectfully request that the Court (1) compel ask the Court for an Order compelling Gramps Goods, WowWee USA, and WowWee Group Limited to add Peter Yanofsky as a custodian; and (2) compel each defendant to comply with its independent discovery obligations to produce documents within its respective possession, custody, or control. The parties conferred by Zoom video conference regarding these disputes on August 1, 2023 (and July 18, 2023 for the second dispute), but were unable to resolve them.[1]

*Proposed Custodian Peter Yanofsky.* Defendants are a collection of self-described "family-owned toymaker[s]."[2] Peter Yanofsky is a member Because Defendants have produced so few documents, Plaintiffs have had to look elsewhere to identify the proper custodians for this matter. As part of that family—he cofounded the companies with his brother, Richard; is the President,

---

[1] Despite conferring multiple times via email, as well as by Zoom on August 1, 2023, the parties have not been able to resolve the dispute addressed herein.

[2] *See* WowWee, *WowWee Media Statement in Response to Roblox Corp. Lawsuit* (Aug. 3, 2022), https://www.prnewswire.com/news-releases/wowwee-media-statement-in-response-to-roblox-corporation-lawsuit-301599521.html.

---

Secretary, and Director of WowWee USA—the company that employs the creator of the products at issue, Sydney Wiseman (the Yanofskys' niece); is a Director of WowWee Group Limited; and is the President of Gramps Goods process. Plaintiffs found Peter Yanofsky's affidavit in another matter involving WowWee USA, where he *Inc.* Peter Yanofsky has averred in other recent litigation that, given his "role as President of WowWee USA," he is "intimately familiar with the business operations of WowWee." *See* Decl. of Peter Yanofsky ¶ 4, *S&N Enters., Inc. of Va. v. WowWee USA, Inc.*, No. 18-cv-02255 (S.D. Cal. Nov. 3:18-cv-02255 (16, 2018), Dkt. No. 14-1. Although Defendants dismiss Yanofsky's sworn statement about his intimate knowledge as a "five-year-old" affidavit, there is no dispute that Mr. Yanofsky held the same position as President of WowWee USA at all times relevant to this litigation. Because of that intimate knowledge, the fact that Defendants are a collection of self-described "family-owned toymaker[s],"[3] and his direct involvement in three of the four of them, Plaintiffs asked Defendants to include Peter Yanofsky as a custodian.

Defendants refused, based on their assertion that Peter Yanofsky "had no involvement in the conception, development, marketing, or sale of My Avastars dolls or the game at any point."[4] But Defendants have not produced a *single document* about the conception, design, or development of the My Avastars dolls, making it impossible to test or confirm this assertion. Plaintiffs have previously raised the impropriety of Defendants' refusal to produce these critical documents (a matter that is separately pending before this Court in the Parties' first Joint Discovery Letter Brief. *See* Dkt. No. 99 at 1 (discussing Defendants' "unilateral[] rewriting and narrowing" of the requests, such as RFP No. 2); *see also Laryngeal Mask Co. v. Ambu A/S*, No. 07-cv-1988, 2009 WL 10672487, at *3 (S.D. Cal. Jan. 27, 2009) (rejecting defendant's attempt to "unilaterally deem[] relevant" only certain design features of the "Accused Product" and otherwise withhold such documents because it provided "no way for [plaintiff] and the Court to evaluate the sufficiency of the production"). Defendants cannot have it both ways: by refusing to make Mr. Yanofsky a custodian because (they assert) he was not involved in the conception, design or development of the dolls, Defendants concede the relevance of those topics[5] and must stop withholding responsive documents from production. At any rate, Mr. Yanofsky's asserted "intimate knowledge" is of WowWee USA's business operations, which WowWee USA admitted in its interrogatory responses Nov. 16, 2018), Dkt. No. 14-1. Those business operations, of course, include the

---

[3] *See* WowWee, *WowWee Media Statement in Response to Roblox Corp. Lawsuit* (Aug. 3, 2022), https://www.prnewswire.com/news-releases/wowwee-media-statement-in-response-to-roblox-corporation-lawsuit-301599521.html.

[4] Defendants misleadingly quote *In re Facebook, Inc.* as if they are quoting court decision, when they are actually quoting the brief of a party that *lost* an apex doctrine argument. *See In re Facebook, Inc.*, 2021 WL 10282215, at *2.

[5] Defendants have also conceded the relevance of these documents by, among other things, listing in their initial disclosures "[d]ocuments and correspondence concerning the design of the My Avastars Fashion Dolls" as material Defendants may use "to support their claims or defenses" and propounding requests for production that seek documents relating to the design and development of *Plaintiffs*' intellectual property.

---

conception, design, creation, manufacturing, and sale of the products at issue in this case, and Mr. Yanofsky was President of WowWee USA at all times relevant to this litigation. *See* Ex. X.

Notwithstanding the foregoing, Defendants refuse to include Peter Yanofsky as a custodian on the basis that he "had no involvement in the conception, development, marketing, or sale of My Avastars dolls or the game at any point." In so doing, Defendants concede that the conception and development of the products at issue is relevant, and of course it is; it is the core conduct that forms the basis of Plaintiffs' claims. Yet Defendants have informed Plaintiffs that they will not produce any documents related to these admittedly relevant matters unless this Court orders them to do so.[6] Moreover, they admit that they expect such an order to come Defendants also contend that Peter Yanofsky should not be a custodian because of the apex doctrine. That doctrine, however, is designed "to prevent harassment of a high-level corporate official where he or she has little or no knowledge." *Ray v. BlueHippo Funding, LLC*, No. 06-cv-1807, 2008 WL 4830741, at *2 (N.D. Cal. Nov. 6, 2008). It does not apply where, as here, the CEO of a "relatively small company, not a large corporation" is at issue and that executive has "intimate knowledge" of the company's activities. *See id.* As Sydney Wiseman has explained, she is a "brand manager at the company owned by her uncles, Richard Yanofsky . . . and Peter Yanofsky."[7] And, even more importantly, Defendants are "not really big on titles," thereby reinforcing that everyone involved in running the Defendants' family-owned and operated companies has a hand in the matters at issue in this case. Because Peter Yanofsky runs "WowWee's U.S. operations," he is a particularly important custodian.[8] Given Peter Yanofsky's intimate familiarity with one of the entities at the center of this case—the entity that employs Sydney Wiseman, who has said she had the idea for the dolls—Peter Yanofsky is a hardly a person to whom the apex doctrine would apply. *See id.*

Finally, discovery from Mr. Yanofsky is necessary because he is directly involved in two of the defendants for which almost no documents have been produced. Gramps Goods and WowWee Group Limited have, respectively, produced **zero** and **three** documents, and after the close of discovery—*i.e.*, after their own employees have been deposed. As a result, Plaintiffs presently have no way to test Defendants' claim regarding Peter Yanofsky's involvement. Nor can Plaintiffs resort to the other documents Defendants have produced because Defendants have produced so few documents, and almost none of substance. Even though discovery closes in fewer than 6 weeks, one of the three defendants with which Peter Yanofsky plays a central role—Gramps Goods—has produced **zero documents**. Another, WowWee Group Limited, has produced only **three documents**. And even WowWee USA—the defendant that has produced the most documents—has produced only 104 documents and just thirty two internal email

---

[6] Plaintiffs raised Defendants' refusal to produce documents related to WowWee's conception and development of the products at issue in its earlier discovery dispute letter. *See* Dkt. No. 99 at 1 (discussing Defendants' "unilateral[] rewriting and narrowing" of the requests, including RFP No. 2). During the parties' August 1, 2023 conferral, Defendants confirmed that, because the letter has not been ruled on, Defendants do not believe they have an obligation to produce these admittedly responsive documents.

[7] McGill News, *The woman behind the Toy of the Year*, https://mcgillnews.mcgill.ca/s/1762/news/interior.aspx?sid=1762&gid=2&pgid=1901 (emphasis added).

[8] *See* Jacobs Retina Center, *Toy Story*, http://jacobsretina.ucsd.edu/2016/03/02/toy-story/.

---

communications.

Compounding matters, Gramps Goods has failed to offer up a single custodian. While Defendants have claimed via email and conferral claim that two custodians identified by other defendants—Richard Yanofsky and Darrin Rosenthal—are, in fact, "Gramps Goods' Vice President" and its "Secretary and CFO," respectively, Defendants have. In their interrogatory responses, however, Defendants identified these individuals as being related to *other* entities, and they have not produced a single document from these custodians, let alone any thing any discovery to confirm their purported position. Plaintiffs respectfully request that the Court order Gramps Goods, WowWee USA, and WowWee Group Limited to include Peter Yanofsky as a custodian and produce his responsive documents within two weeks of any such order.

*Satisfaction of Each Defendants' Discovery Obligations.* It is well established that every party is obligated to respond to discovery requests, and produce discoverable documents within their possession, custody, or control, regardless of whether such documents are "in the possession of another party or third parties." *SJC Metals, Inc. v. Hyundai Steel Co.*, No. 18-cv-00912, 2019 WL 880619 7, at *6 (C.D. Cal. Nov. 21, 2019). And while there may be some circumstances where defendants may be so closely related, such as alter egos, that it makes sense to permit them to act as one, Defendants here have done nothing to establish that this is such a circumstance. In fact, the single document Plaintiffs have that addresses Defendants' relationship to Gramps Goods. When Plaintiffs raised concerns with each other—a document from over two years ago, which may not be accurate at present—shows that three of the four defendants are not, in fact, directly related. Rather, WowWee USA and WowWee Group Limited appear to be owned, at least in part, by the same holding company, and another holding company appears to own, at least in part, WowWee Group Limited and WowWee Canada. Only Gramps Goods has a direct relationship with one of the WowWee entities—it is owned by WowWee USA. Ordinarily, Plaintiffs would seek to verify the foregoing by referring to Defendants' corporate disclosure statements and certificates of interested parties, but three of the four defendants have not filed those required submissions.

Throughout this case, Defendants have picked and chosen whether they wanted to be treated as a singular entity or not depending on what benefited them at the given moment. For example, in their counterclaims, Defendants were very careful to bring one counterclaim on behalf of only two Defendants—WowWee Group Limited and WowWee USA—whereas they brought the other counterclaim on behalf of all four defendants (though they thereafter dismissed Gramps Goods as a counterclaimant). Consistent with this independent approach to the case, each defendant responded separately to Plaintiffs' first and second sets of RFAs, often providing different responses to materially identical requests. *Compare* Ex. X (WowWee Canada, Inc. admitting to creating a TikTok account with the handle @my_avastars), *with* Exs. X–X (other defendants denying the same admission). Likewise, only WowWee Canada, Inc. has served interrogatories on Plaintiffs, and the four defendants served responses to Plaintiffs' RFPs separate from Gramps Goods' RFP responses. In contrast, when seeking to limit their discovery obligations, such as with respect to Defendants' position regarding both Peter Yanofsky and document production generally, given the imminent discovery deadline, Defendants responded that they expected the Court to "set an independent deadline for any documents that are ordered to be produced." In other words, Defendants expect compliance with any such order to occur after the

close of discovery—*i.e.*, after their own employees have been deposed. Defendants purport to act as a single entity, describing their handful of productions as being on behalf of all Defendants.

Defendants' inconsistent positions with respect to whether they are acting and thus seek to be treated as separate or combined entities As a result, by the time Plaintiffs have documents that might not be as significant an issue had Defendants made meaningful productions to date. Had they done so, Plaintiffs could have determined the exact role of each defendant and assessed the importance of understanding the distinctions between them. But because none of the defendants have produced a single document about the conception, design, or development of the products at issue, Plaintiffs have no way to independently assess the relationship between Defendants with respect to the conduct at issue. Plaintiffs thus respectfully request that the Court order each defendant to fulfill its independent obligation to respond to all pending discovery requests, including with the production of discoverable, responsive documents within each company's possession, custody, or control. allow them to evaluate Peter Yanofsky's role in the matters at issue, it will be too late.[9]

Without such immediate productions, Plaintiffs will have no choice but to seek leave of the Court to take additional depositions of Defendants' employees—at Defendants' expense—once such documents have been produced.

LATHAM&WATKINS LLP

| | |
|---|---|
| Respectfully submitted,<br>LATHAM & WATKINS LLP<br><br>By: /s/ *Elana Nightingale Dawson*<br>  Andrew M. Gass (Bar No. 259694)<br>    *andrew.gass@lw.com*<br>  Sarah M. Ray (Bar No. 229670)<br>    *sarah.ray@lw.com*<br>  Ivana Dukanovic (Bar No. 312937)<br>    *ivana.dukanovic@lw.com*<br>  505 Montgomery Street, Suite 2000<br>  San Francisco, California 94111<br>  Telephone: +1.415.391.0600<br><br>  Elana Nightingale Dawson (*pro hac vice*)<br>    *elana.nightingaledawson@lw.com*<br>  555 Eleventh Street, NW, Suite 1000<br>  Washington, DC 20004<br>  Telephone: +1.202.637.2200<br><br>  Allison S. Blanco (Bar No. 287554)<br>    *allison.blanco@lw.com*<br>  355 South Grand Avenue, Suite 100<br>  Los Angeles, California 90071-1560<br>  Telephone: +1.213.485.1234<br><br>*Attorneys for Plaintiffs Roblox Corporation and Jazwares, LLC* | WINSTON & STRAWN LLP<br><br>By: /s/ *Diana Hughes Leiden*<br>  Thomas J. Kearney<br>  (SBN: 267087)<br>    *TKearney@winston.com*<br>  Jennifer A. Golinveaux<br>  (SBN: 203056)<br>    *JGolinveaux@winston.com*<br>  WINSTON & STRAWN LLP<br>  101 California Street, 35th Fl.<br>  San Francisco, CA 94111-5840<br>  Telephone: (415) 591-1000<br>  Facsimile: (415) 591-1400<br><br>  Diana Hughes Leiden (SBN: 267606)<br>    *DHLeiden@winston.com*<br>  WINSTON & STRAWN LLP<br>  333 South Grand Ave., 38th Fl.<br>  Los Angeles, CA 90071-1543<br>  Telephone: (213) 615-1700<br>  Facsimile: (213) 615-1750<br><br>  Michael S. Elkin<br>  (admitted *Pro Hac Vice*)<br>    *MElkin@winston.com*<br>  WINSTON & STRAWN LLP<br>  200 Park Avenue<br>  New York, NY 10166-4193<br>  Telephone: (212) 294-6700<br>  Facsimile: (212) 294-4700<br><br>  Michael D. Bednarek<br>  (admitted *Pro Hac Vice*)<br>    *michael@bednareklegal.com*<br>  BEDNAREK LEGAL, PLLC<br>  1100 N. Glebe Road, Suite 1010<br>  Arlington, VA 22201<br>  Telephone: (202) 997-1665<br>  Facsimile: (703) 224-8001<br><br>*Attorneys for Defendants WowWee GROUP LIMITED, WowWee CANADA, INC., WowWee USA, INC., and GRAMPS GOODS, INC.* |

LATHAM&WATKINS LLP

## ATTESTATION

I, Elana Nightingale Dawson, am the ECF User whose identification and password are being used to file the foregoing Joint Discovery Letter Brief. Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: August 11, 2023

LATHAM & WATKINS LLP

By: /s/ *Elana Nightingale Dawson*
    Elana Nightingale Dawson (*pro hac vice*)

*Attorney for Plaintiffs Roblox Corporation and Jazwares, LLC*

cc: Counsel of record via CM/ECF