**WINSTON & STRAWN LLP**

NORTH AMERICA    SOUTH AMERICA    EUROPE    ASIA

101 California Street
34th Floor
San Francisco, CA 94111
T +1 (415) 591-1000
F +1 (415) 591-1400

August 14, 2023

**VIA CM/ECF**

The Honorable Susan Illston
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom No. 1 – 17th Floor
San Francisco, CA 94102

Re:   *Roblox Corp., et al. v. WowWee Grp. Ltd., et al.*, Case No. 3:22-cv-04476-SI (N.D. Cal.)

Dear Judge Illston:

Plaintiffs' August 11 motion[1] (Dkt. 108) seeks to add an unwarranted "apex" document custodian—WowWee USA's President Peter Yanofsky—based on admitted speculation, while attempting to support this borderline frivolous request by mischaracterizing the record; citing to irrelevant authority; engaging in unfounded speculation; and making demonstrably incorrect statements.[2] Simply put, **_Peter Yanofsky is not a relevant custodian of documents._** As Plaintiffs concede, Defendants have repeatedly informed them that Mr. Yanofsky *lacked any meaningful involvement* with My Avastars products. Confirming this, WowWee's verified interrogatory responses identifying individuals who *had* some "involvement[] in the conception, design, and development of My Avastars Fashion Dolls" notably do *not* identify Mr. Yanofsky. *See* **Ex. 1, Defendant WowWee USA, Inc.'s Responses to Plaintiffs' Interrogatories (Set One).**[3]

Plaintiffs argue that because they cannot *confirm* Mr. Yanofsky's *lack* of involvement, the Court should order that Mr. Yanofsky be made a document custodian so that Plaintiffs can further "test" it, but their desire to conduct a fishing expedition is not a valid basis to add an irrelevant apex custodian. Their position that they must "look elsewhere" to obtain relevant documents is also highly misleading: Defendants have *agreed* to produce documents concerning the conception, design, and development of the My Avastars dolls to the extent that they in any way "reflect or relate to Plaintiffs' products at issue that remain in this case"—that is, to the extent they are actually

---

[1] After completely rewriting a previous version of this letter, adding new arguments and authority that outdated Defendants' portion of the letter, Plaintiffs refused to provide Defendants with sufficient time to substantively respond and filed that new version on August 11. *See* Dkt. 108 at 3-5. Defendants proposed that the parties meet and confer in order to avoid these procedural disputes in the future, but Plaintiffs declined.

[2] Plaintiffs' letter is riddled with flat out false statements, such as their claim that Defendants "concede" that general, vaguely described topics and types of documents categorically have "relevance"; or that "Gramps Goods has failed to offer up a single custodian" (two of Gramps Goods' three officers are designated document custodians, and Gramps Goods has no employees); and that "Defendants expect compliance with any [discovery] order to occur … after their own employees have been deposed." None of those statements are true.

[3] None of the other Defendants' interrogatory responses identify Mr. Yanofsky either, and the parties' initial disclosures do not identify him as someone likely to have relevant information.

relevant to Plaintiffs' claims—and have *agreed* to produce all "communications between WowWee and GameFam regarding My Avastars Fashion Dolls, Gamefam's development of the My Avastars:RP Experience for the Roblox platform, and the My Avastars Game[.]" **Ex. 2, WowWee's Supp. Responses to Pls.' RFP 2, 34.** Both parties are producing documents on a rolling basis, and Defendants have proposed a substantial completion date of August 25, 2023.[4]

Plaintiffs' speculation that Mr. Yanofsky's familiarity with Defendants' *general* business operations makes him knowledgeable about this *particular* product's *history* is plainly meritless. Their reliance on a years-old declaration submitted in an unrelated case, seizing on Mr. Yanofsky's general prefatory statement that he was "intimately familiar with … [the] business operations" of the WowWee entities, is unpersuasive: an executive's familiarity with his company's general "business operations" obviously does not entail familiarity with every product the company manufactures—let alone details of how the product was conceived and developed.[5] *See Lauris v. Novartis AG*, 2016 WL 7178602, at *4 (E.D. Cal. Dec. 8, 2016) (declining to add "apex custodians" based on "mere speculation"). Plaintiffs' citations to irrelevant internet articles merely demonstrate that Mr. Yanofsky *is*, in fact, an apex custodian—but not that he is a relevant one.

Finally, Plaintiffs' *non sequitur* argument that because WowWee's personnel are "not really big on titles," "everyone involved in running" any of the Defendant companies "has a hand in the matters at issue in this case" lacks any merit. Moreover, Defendants have designated numerous custodians who are equally "involved in running" the Defendant companies, *and* unlike Mr. Yanofsky have knowledge of relevant facts. Defendants' custodians includes at least one officer, director, and/or highly placed employee of each Defendant,[6] including WowWee USA's Vice President of Brand Development & Creative Strategy, who conceived and helped design and develop My Avastars Fashion Dolls, as well as its Lead Modeler / Digital Sculptor, former Chief Design Officer, and Senior Designer, all of whom were similarly involved. Other custodians include a co-owner of the WowWee entities; WowWee's CEO, its CFO, and its Head of Product Development; WowWee Canada's VP of Sales, and its Head of Marketing and Operations. *See Lauris*, 2016 WL 7178602, at *4 (denying request to add apex custodians in light of "the factors identified in Rule 26(b)(1)," since relevant information "would be expected to be communicated though" existing custodians "[d]ue to their position within the organization[.]"). Plaintiffs' citation to *Ray v. BlueHippo Funding* is inapposite here because in that case, a noticed deponent (not a proposed document custodian) was shown to "have substantial personal knowledge of relevant facts," plaintiffs had "made some showing why information might be obtained from [him] which is beyond or different from" what could be obtained from others, *and* the plaintiffs were seeking to add him as a defendant in his personal capacity. 2008 WL 4830747, at *2 (N.D. Cal. Nov. 6,

---

[4] Plaintiffs' claim that they have produced more documents than Defendants as of August 11 is misleading, as Plaintiffs' productions are larger in volume only because they are riddled with duplicates, irrelevant documents, and countless versions of the same email chains. And *Laryngal Mask*, which Plaintiffs inexplicably cite *here* to support their *previous* motion, has no relevance.

[5] Plaintiffs' false statement that WowWee USA "admitted" that its "business operations… *include* the conception, design, creation, manufacturing, and sale of the products at issue" does not withstand even cursory scrutiny. *See* Dkt. 108 at 2 (Plaintiffs' emphasis); **Ex. 1**.

[6] Gramps Goods has no employees, but *two* of its *three* executives are designated custodians.

2008). In stark contrast, Peter Yanofsky has *no* knowledge of relevant facts, and any relevant information that might be obtained from him "would be expected to be communicated though" already identified custodians. *Lauris*, 2016 WL 7178602, at *4. Plaintiffs provide no evidence, or even plausible conjecture, to suggest that Peter Yanofsky is a proper custodian in this case. *See Handloser v. HCL Am., Inc.*, 2020 WL 7405686, at *2 (N.D. Cal. Dec. 17, 2020) (denying request to add custodians where "plaintiffs provide[d] essentially no explanation for why additional ESI discovery is warranted…" and the Court "[could] []not discern why plaintiffs expect to discover information from these custodians that differs from discovery they have already obtained from the others, including the … heads of the relevant departments.") Plaintiffs' motion lacks merit and should be denied.

Respectfully submitted,

By: */s/ Jennifer A. Golinveaux*

Jennifer A. Golinveaux (SBN: 203056)
*JGolinveaux@winston.com*
Thomas J. Kearney (SBN: 267087)
*TKearney@winston.com*
**WINSTON & STRAWN LLP**
101 California Street, 35th Fl.
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Diana Hughes Leiden (SBN: 267606)
*DHLeiden@winston.com*
**WINSTON & STRAWN LLP**
333 South Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael S. Elkin (admitted *Pro Hac Vice*)
*MElkin@winston.com*
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Michael D. Bednarek (admitted *Pro Hac Vice*)
*michael@bednareklegal.com*
**BEDNAREK LEGAL, PLLC**
1100 N. Glebe Road, Suite 1010
Arlington, VA 22201
Telephone: (202) 997-1665
Facsimile: (703) 224-8001

*Attorneys for Defendants*
*WowWee GROUP LIMITED, WowWee*
*CANADA, INC., WowWee USA, INC., and*
*GRAMPS GOODS, INC.*

cc:   Counsel of record via CM/ECF