

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

101 California Street
34th Floor
San Francisco, CA 94111
T +1 (415) 591-1000
F +1 (415) 591-1400

JENNIFER A. GOLINVEAUX
Partner
(415) 591-1506
JGolinveaux@winston.com

August 17, 2023

**VIA CM/ECF**

The Honorable Susan Illston
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom No. 1 – 17th Floor
San Francisco, CA 94102

Re:   *Roblox Corp., et al. v. WowWee Grp. Ltd., et al.*, Case No. 3:22-cv-04476-SI (N.D. Cal.)

Dear Judge Illston:

Pursuant to the Court's August 15, 2023 Order (Dkt. 110), Defendants WowWee Group Limited et al. ("WowWee") respectfully submit this supplemental briefing regarding (1) whether any disputes raised in the parties' June 26 and July 19 letter briefs have been resolved, and (2) WowWee's current positions as to the matters raised in Plaintiffs' August 11 letter brief.

WowWee has continued to make rolling document productions and has now produced nearly 1,500 documents encompassing nearly 3,000 pages. WowWee proposed a mutual deadline of August 25 for the parties to substantially complete the production of documents that each side had agreed to produce. While Plaintiffs initially objected to this on the basis that WowWee must withdraw its objections to certain requests and commit to producing all documents that Plaintiffs unilaterally determined are "discoverable," they later stated that they intended to comply with the proposed deadline, at least with respect to Roblox's documents. Jazwares, however, refuses to confirm that it will substantially complete its document production by August 25. WowWee is committed to substantially complete its document production by August 25.

**Status of Discovery Disputes Raised in Prior Letter Briefs**

*Plaintiffs' June 26 Letter Brief (Dkt. 99)*

On July 31, WowWee served Second Supplemental Responses to Plaintiffs' First Set of RFPs, mooting a number of the issues from Plaintiffs' June 26 Letter Brief. *See* Ex. 1.

- **RFP Nos. 1-8, 25-31, 35, and 39**: Plaintiffs characterize these RFPs in their letter as requests "related to WowWee's design, manufacture, and evaluation of the products at issue—the My Avastars Fashion Dolls and related products" and "WowWee's knowledge of and access to [Roblox's] intellectual property." Dkt. 99 at 1. In fact, they seek "All Documents and Things" related to a number of broad topics, including the conception, design, development, manufacture, testing, and analysis of the My Avastars dolls "and any

related products," and relating to Roblox, its avatars, products, and intellectual property. WowWee agreed to produce categories of documents that are relevant to the parties' claims and defenses in response to every one of these requests. And, since Plaintiffs filed its June 26 Letter Brief, WowWee has produced documents in a number of responsive categories, including testing documents, documents concerning the development of the My Avastars: RP online experience and My Avastars game, and communications concerning Roblox's claimed intellectual property. WowWee stands by its objection to producing "All Documents and Things" responsive to each of these broad requests for the reasons stated in its RFP responses and its portion of the letter—namely, that WowWee has agreed to produce conception, design, and development documents that are relevant to Plaintiffs' works still at issue in this case following the Court's motion to dismiss order, but not discovery for works that have been dismissed. Dkt. 99 at 5.

- **RFP Nos. 9-14, 20-24, 32, 34, and 36**: Plaintiffs did not take issue with WowWee's responses to these requests, complaining only that WowWee had not yet produced responsive documents. Dkt. 99 at 2. As part of its rolling production, WowWee has now produced documents responsive to these requests, including documents relating to the marketing of the My Avastars dolls, copies of relevant webpages, documents identifying retailers WowWee sold dolls to, and WowWee's communications with Gamefam, and will continue to produce them on a rolling basis to be substantially completed by August 25. Therefore, no disputes remain about these RFPs. WowWee objected to **RFP Nos. 14 and 24**, which were listed in Plaintiffs' letter but not discussed. WowWee stands on its objections to these requests (seeking documents showing all countries where WowWee or its retailers sold the My Avastars dolls and the identities of each person who used Roblox accounts, respectively) on relevance and overbreadth grounds, and on the basis that they seek publicly available information.

- **RFP Nos. 15-19**: WowWee supplemented its responses to RFP Nos. 15-18, which mooted Plaintiffs' discovery letter as to those requests. *See* Ex. 1 (agreeing to produce documents sufficient to show the date, price, and number of My Avastars Fashion Dolls and related products sold since 2019; WowWee's research and development expenditures; and WowWee's pricing policies for the My Avastars Fashion Dolls and related products). WowWee had agreed to produce documents responsive to RFP No. 19 even before Plaintiffs filed the discovery letter. *See* Dkt. 99 at 1-2; Ex. 1. Therefore, no disputes remain as to these RFPs.

- **RFP Nos. 37-41, 46-50**: Plaintiffs characterized these requests as seeking "discovery related to this action, such as the documents WowWee intends to rely on and documents produced to WowWee by third parties." Dkt. 99 at 2. In fact, they broadly seek, among other things, "All Documents" about WowWee's competitors and documents "that in any way relate to the claims or defenses in this Action." WowWee has agreed to produce non-privileged documents relating to this action, Plaintiffs' claims, and WowWee's counterclaims and defenses in response to separate requests and will promptly produce to Plaintiffs any documents produced to WowWee by third parties pursuant to a subpoena (as

opposed to what RFP No. 50 sought, which was "All Documents and Things produced to You by any third party in connection with this Action, *whether or not in response to a subpoena or formal discovery request*") (emphasis added).  WowWee also agreed to produce documents responsive to RFP Nos. 39, 46, and 47 even before Plaintiffs filed their letter.  WowWee's objections to RFP Nos. 37, 38, 40, 41, and 48-49 are well-founded given that those requests are riddled with legal conclusions and requests for privileged documents.

- A large portion of Plaintiffs' letter relates to general complaints that WowWee agreed to produce a narrower set of documents in response to Plaintiffs' broad requests.  Dkt. 99 at 4-5.  However, nearly all of the RFPs mentioned in those sections overlap with the issues described above relating to *specific* RFPs. The only exception is **RFP No. 42** (seeking "All Documents related to any and all allegations of copyright infringement against You"), to which WowWee appropriately limited its production to documents sufficient to show cease and desist letters and complaints concerning copyright infringement allegations against WowWee in the last five years.

- Finally, with respect to "confidentiality limitations," Dkt. 99 at 3, WowWee continues to comply with the terms of nondisclosure agreements with third parties and has in fact produced communications with third party Gamefam following such compliance. WowWee does not believe the parties have a dispute with respect to this issue.

### *WowWee's July 19 Letter Brief (Dkt. 104)*

Roblox served second amended responses to WowWee's First Set of RFPs on July 24.  *See* Ex. 2.  Jazwares served amended responses on August 8 and August 15.  *See* Exs. 3-4.  WowWee discusses those supplemental responses as appropriate below and highlights remaining issues.

- **RFP Nos. 1-3, 5-7, 9-11, 13, 17, 32, 39, 43 to Roblox (Documents relating to Roblox's alleged IP)**: WowWee moved to compel Roblox's documents relating to the conception, design, and development of the Avatar Bases, the "Claire Dancefiend" Avatar, and the Third Party Avatar Characters in light of Plaintiffs' improper limitation to producing documents only about the Cindy, Lindsey, Kenneth, and Dennis avatars ("CLKD Avatars").  Dkt. 104 at 1-2.  In light of WowWee's discovery letter, Plaintiffs agreed to produce documents relating to the "Roblox Girl" base and "documents related to the blocky avatar base"—but going back only to 2013.  *See* Ex. 2 at pp. 8, 18, 22, 45.  This limitation is improper and guts the agreement because the Avatar Bases were designed well before 2010 (which Roblox does not dispute). Roblox also still refuses to produce any documents relating to the other avatars which are still relevant to the trade dress claim given that they fall in the category of "Modified Classic Avatars" that incorporate the alleged trade dress.  FAC ¶ 57; Dkt. 99 at 3.  **WowWee respectfully renews its request that Roblox be ordered to produce documents responsive to these requests, without the improper limitation to only the CLKD Avatars and as to date with respect to the Avatar Bases.**

- **RFP No. 21 to Roblox and RFP No. 18 to Jazwares (Documents relating to LEGO and Minecraft):** Plaintiffs' positions have not changed with respect to these RFPs, and Plaintiffs have not accepted WowWee's compromise proposal to limit these requests to documents that *also* relate to the design of the Roblox Avatars or to the Jazwares Mini Action Figures at issue in this case. **WowWee respectfully renews its request that Roblox be ordered to produce documents that relate to LEGO or Minecraft that also relate to the design of any Roblox Avatar or to the Jazwares Mini Action Figure given that many elements that Roblox claims in this action appear earlier in LEGO and Minecraft.**

- **Interrogatory Nos. 9-10 and RFP Nos. 18-20 and 29 to Roblox and RFP No. 15 to Jazwares (Documents relating to Plaintiffs' alleged damages)**: Roblox has not supplemented its response to these interrogatories. Plaintiffs have produced few responsive documents and have not produced documents reflecting their revenues and profits associated with most of the avatars and figurines at issue. Jazwares has now agreed to produce documents responsive to RFP No. 15, but has not yet done so. Given that these documents are critical to Plaintiffs' demand for actual damages, **WowWee respectfully renews its request that the Court compel Plaintiffs to promptly respond fully to these requests**.

- **RFP Nos. 30, 31, 53, and 54 to Roblox (Documents relating to Roblox's revised Terms of Use)**: Roblox continues to object to producing any documents responsive to RFP Nos. 31, 53, and 54 relating to the application of its recently-modified Terms of Use that retroactively expanded its claimed IP. And Roblox still has not, to date, produced sufficient documents to adequately respond to RFP No. 30 seeking documents about those revisions to its Terms of Use. For example, no internal communications about the Terms of Use have been produced, and no documents or communications containing any information about causes for the changes to the Terms of Use or internal drafts or versions of the Terms of Use have been produced. **WowWee respectfully renews its request that Roblox be compelled to produce all documents responsive to these four requests by August 25.**

- **Plaintiffs' Improper Narrowing**: Plaintiffs originally agreed only to produce documents "maintained in the ordinary course of business" in response to dozens of RFPs. Plaintiffs later amended these responses to agree to produce "non-privileged documents in its possession, custody, or control *in the forms in which such documents and communications are ordinarily maintained or in reasonably usable forms*." *See generally* Exs. 2-4. WowWee pointed out on July 26 that this new limitation is also improper because Federal Rule 34(b)(2)(E)(ii) provides only that "*if a request does not specify a form for producing electronically stored information*, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms," and WowWee's RFPs *did* specify that Plaintiffs' ESI must be produced according to the parties' ESI Stipulation (Dkt 76). Plaintiffs refused to remove this improper limitation, which obscures whether Plaintiffs are withholding responsive ESI.

Finally, Plaintiffs continue to refuse to produce *any* documents from before 2013 despite the fact that, for example, the Avatar Bases were designed well before 2010. Ex. 2 at pp. 8, 18, 22, 45. Plaintiffs also refuse to produce a number of documents from before 2018, which would exclude, for example, documents showing how Roblox's avatar designs were copied from or inspired by third-party figures and evolved over time, as well as the decision to move toward a more "humanoid" design (which impacts, among other things, the protectability of and value associated with Roblox's asserted trade dress in the avatars as well as Roblox's damages).[1] **WowWee respectfully renews its request that Roblox be compelled to produce responsive documents (a) in its possession, custody, or control for all RFPs, and (b) without a time limitation for RFP Nos. 3, 10, 13, 17, 20, 32, and 43.**

**WowWee's Position as to Plaintiffs' August 11 Letter Brief**

As WowWee informed the Court, Plaintiffs made substantial changes to their portion of this letter, demanded a response from WowWee in three hours, refused WowWee's reasonable offer to provide its portion by August 14, and filed a "unilateral letter" on August 11.[2] WowWee then provided its substantive position with respect to Plaintiffs' unwarranted demand to add "apex" document custodian Peter Yanofsky in a separate letter brief on August 14, *see* Dkt. 109, and incorporate that filing by reference here. Simply put, there is no basis to seek discovery from WowWee USA's President in light of WowWee's repeated, unequivocal representations that Mr. Yanofsky lacked any meaningful involvement with the My Avastars dolls at issue in this case at any time. Plaintiffs' request is an unwarranted fishing expedition to "test" WowWee's representations when there is no reason to doubt them.

Respectfully submitted,

By: */s/ Jennifer A. Golinveaux*

Jennifer A. Golinveaux (SBN: 203056)
*JGolinveaux@winston.com*
Thomas J. Kearney (SBN: 267087)
*TKearney@winston.com*

---

[1] Plaintiffs represented by email on August 16 that "Roblox has expanded its date range backwards to January 1, 2016 for RFPs related to the Jazwares figurines at issue and Roblox's relationship with Jazwares **(RFPs 4, 12, 13, 17, 19, 22, 23, 24, 32, and 39).**" However, as of this filing, Plaintiffs had not clarified whether Roblox will produce documents going back to 2016 for *all* of the documents that it has committed to produce in response to those RFPs or only responsive documents that specifically "relate to the Jazwares figurines at issue and Roblox's relationship with Jazwares."

[2] WowWee proposed that the parties meet and confer in order to avoid these procedural disputes in the future, but Plaintiffs declined.

**WINSTON & STRAWN LLP**
101 California Street, 35th Fl.
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Diana Hughes Leiden (SBN: 267606)
*DHLeiden@winston.com*
**WINSTON & STRAWN LLP**
333 South Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael S. Elkin (admitted *Pro Hac Vice*)
*MElkin@winston.com*
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Michael D. Bednarek (admitted *Pro Hac Vice*)
*michael@bednareklegal.com*
**BEDNAREK LEGAL, PLLC**
1100 N. Glebe Road, Suite 1010
Arlington, VA 22201
Telephone: (202) 997-1665
Facsimile: (703) 224-8001

*Attorneys for Defendants*
*WowWee GROUP LIMITED, WowWee*
*CANADA, INC., WowWee USA, INC., and*
*GRAMPS GOODS, INC.*


cc:     Counsel of record via CM/ECF