UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBLOX CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WOWWEE GROUP LIMITED, et al.,<br><br>    Defendants. | Case No. 22-cv-04476-SI<br><br>**ORDER RE: DISCOVERY**<br>Re: Dkt. Nos. 99, 104, 108, 109, 111 |

Before the Court are several discovery disputes between the parties. On June 26, 2023, the parties filed a joint discovery letter brief concerning plaintiffs' request to compel various discovery from defendants. Dkt. No. 99. On July 19, the parties filed a joint discovery letter brief concerning defendants' request to compel various discovery from plaintiffs. Dkt. No. 104. In each of these briefs the non-moving party indicated it would produce responsive documents to satisfy some of the requests.

On August 11, the parties filed a joint letter brief concerning plaintiffs' request to compel defendants to add Peter Yanofsky as a custodian. Dkt. No. 108. Defendants asserted they were not given enough time to respond to this last letter brief and filed a follow-up brief on August 14. Dkt. No. 109. The Court ordered further briefing to address whether any of the disputes in the June 26 and July 19 letter briefs had been resolved. Dkt. No. 110. The parties responded with a supplemental letter brief on August 17. The Court has reviewed the relevant briefing and attachments, and rules as follows:

**A.     June 26, 2023 letter brief**

**1.     Conception, design, and development of the products at issue.**  The parties on both sides of this case sought discovery concerning dismissed works[1] from the other while limiting their own production. Defendants have limited their production of documents related to the conception, design, or development of the dolls at issue to those that relate to the Cindy, Lindsey, Kenneth, and Dennis avatars, and Jazwares Brookhaven Customer Figurine, Stylz Salon Stylist Figurine, or Claire Dancefiend Figurine. Dkt. No. 99 at 3, 5; Dkt. No. 112 at 3. Defendants argue that this limitation is proper because references to dismissed works are irrelevant. Dkt. No. 99 at 5. Plaintiffs argue that this limitation would excuse defendants from producing documents even if the document said "let's copy Roblox's avatars," which would be relevant even if the documents did not directly name the specific works at issue. *Id.* at 3. The Court agrees that defendants' limitation excludes potentially relevant information. Defendants are hereby ordered to produce documents without this limitation.

**2.     Related products.**  Plaintiffs argue that defendants have failed to produce "documents addressing the conception, design, development, and promotion of products related to the My Avastars Fashion Dolls." Dkt. No. 112 at 5. Specifically, plaintiffs argue that defendants have failed to produce documents related to the "redeemable code advertised with the dolls" and "the Roblox experience that was intended to accompany the dolls." *Id.* Defendants argue that plaintiffs' request for documents concerning "related products" is vague and that plaintiffs should be required to specify the request. Dkt. No. 99 at 5. Defendants are hereby ordered to produce documents related to the redeemable code and any online game or experience that was intended to accompany the dolls. To the extent plaintiffs believe there are other related products, however, plaintiffs must identify them.

---

[1] These are works originally included in the complaint as infringed works, but later dismissed from the copyright claims.

**3.     Advertising, promotion, and distribution.**  Plaintiffs requested defendants produce "All Documents and Things related to marketing efforts or initiatives by [defendants] to promote, advertise, or sell My Avastars Fashion Dolls . . . ."  Dkt. No. 99-4.  Defendants agreed to produce only those "formal marketing plans, press releases, and advertisements that were released to the public."  Defendants are hereby ordered to produce all responsive non-privileged documents, not just those documents that were released to the public.

Plaintiffs also request the Court to compel defendants to produce "All Documents addressing website traffic for and sales data from the MyAvastars.com website."  Dkt. No. 99-4 at 28; Dkt. No. 112 at 5.  The Court finds that the request for documents concerning sales data is reasonably calculated to lead to the discovery of admissible evidence, but the request for documents concerning website traffic is not.  Accordingly, the Court orders defendants to produce all responsive non-privileged documents as to the sales data, but not the website traffic.

**4.     Roblox and its intellectual property.**  Plaintiffs argue that defendants improperly narrowed their responses to plaintiffs' RFP Nos. 25–31 and 39.  The Court agrees.  Defendants are ordered to produce all responsive non-privileged documents.

**5.     Other Allegations of infringement.**  Plaintiffs argue that defendants improperly narrowed their response to plaintiffs' RFP No. 42, which seeks "[a]ll Documents related to any and all allegations of copyright infringement against You, including but not limited to cease and desist letters and civil court or other complaints within the past seven (7) years."  Dkt. No. 99-4; Dkt. No. 112 at 6.  Further, plaintiffs argue that the parties' dispute with respect to this RFP may be resolvable but that defendants have not produced *any* responsive documents related to cases other than this one.  Dkt. No. 112 at 6.  The Court orders defendants to produce all responsive, non-privileged documents.

**6.     Documents related to this action.**  Plaintiffs also seek an order compelling production of responsive documents related to this action or produced to defendants by third parties,

3

specifically RFP Nos. 37–41, 46, and 48–50. Dkt. No. 112 at 5.

The Court finds that defendants' objections to RFP Nos. 37, 40, and 41 are appropriate.

As to RFP No. 39, the Court orders defendants to produce responsive, non-privileged annual reports related to Roblox, Roblox Copyrights, Roblox Trademarks, or this Action, but does not order production of other annual reports.

As to RFPs 38, 46, and 48–50, the Court orders defendants to produce all responsive, non-privileged documents.

**B.    July 19, 2023 letter brief.**

**1.    Documents relating to the conception, design, and development of Avatar Bases and Avatars.** As noted above, the parties on both sides of this case have sought discovery from each other concerning the dismissed works while limiting their own production to exclude the dismissed works. Plaintiffs have limited their production of documents relating to the conception, design, and development of the Avatars to the Cindy, Lindsey, Kenneth, and Dennis avatars. Dkt. No. 111 at 3. They eventually broadened their production to include documents relating to the "Roblox Girl" Avatar Base and the blocky avatar base, but only going back to 2013. Plaintiffs argue that the request is not reasonably limited in time, but defendants point out that the Avatar Bases were conceived before 2013. Dkt. No. 104-2 at 10. The Court agrees with defendants that these documents are still relevant to plaintiffs' trade dress claims and orders plaintiffs to produce all responsive, non-privileged documents without limitation as to time.

**2.    Documents relating to LEGO and Minecraft.** Defendants request the Court to compel plaintiffs to produce documents relating to LEGO or Minecraft that also relate to the Roblox Avatars or Jazwares toys. Dkt. No. 111 at 4. The Court agrees and orders plaintiffs to produce all responsive, non-privileged documents.

**3.    Documents relating to plaintiffs' alleged damages.** Defendants also seek to compel production of documents responsive to interrogatories 9–10 and RFP Nos. 18–20 and 29 to

4

Roblox and RFP No. 15 to Jazwares. Dkt. No. 111 at 4. Plaintiffs argue that they have produced responsive documents but do not have any documents responsive to RFP Nos. 18–20. To the extent plaintiffs have responsive documents in their custody, possession, or control, the Court orders plaintiffs to produce those documents. To the extent plaintiffs do not have such responsive documents, plaintiffs shall so state under oath.

**4. Documents relating to Roblox's updated Terms of Use.** Defendants seek to compel documents responsive to RFP Nos. 30, 31, 53, and 54, which relate to Roblox's updated Terms of Use. Dkt. No. 111 at 4. Plaintiffs argue that these documents are not relevant. Dkt. No. 112 at 7. The Court notes that both parties have sought documents from the other concerning interactions with third parties and that the requested documents are relevant to defendants' arguments concerning updates to the Terms of Use. *See* section (A)(5), *supra*. While the Court recognizes that many responsive documents will be privileged, plaintiffs are hereby compelled to produce all responsive non-privileged documents.

**5. Form of production.** Defendants argue that plaintiffs have improperly narrowed the form of production. Dkt. No. 111 at 4. The Court hereby orders both parties to produce documents in the form specified in the parties' ESI stipulation unless the parties agree otherwise.

**C.    August 11, 2023 and August 17, 2023 letter briefs**

Plaintiffs argue that defendants should be compelled to add Peter Yanofsky as a custodian. Dkt. No. 108 at 1. Yanofsky is the President of Gramps Goods, a Director of WowWee Group Limited, and the President, Secretary, and Director of WowWee USA. *Id.* In an unrelated case, Yanofsky stated in an affidavit that as president of WowWee USA, he is "intimately familiar with the business operations of WowWee." *Id.* Defendants have described themselves as "family-owned toymaker[s]" and Yanofsky is directly involved in three of the four defendant companies. *Id.* Plaintiffs argue that Yanofsky should be included as a custodian because of his knowledge of WowWee's operations and the lack of documents produced by defendants so far. *Id.* at 2. They

argue that the apex doctrine does not apply because defendants are small companies and Yanofsky has intimate knowledge of those companies' operations. *Id.* (citing *Ray v. BlueHippo Funding, LLC*, No. 06-cv-1807, 2008 WL 4830747, at *2 (N.D. Cal. Nov. 6, 2008)).

Defendants assert that Yanofsky is not a relevant custodian because he lacked any meaningful involvement with the My Avastars products. Dkt. No. 109 at 1. Defendants have identified several other custodians who did have knowledge of relevant facts. *Id.* at 2. Defendants further argue that Yanofsky is an apex custodian. *Id.*

Plaintiffs' request to compel defendants to add Yanofsky as a custodian is denied. Plaintiffs have made no showing that Yanofsky has relevant information, much less that he has information that would not be discoverable through the other custodians named by defendants. The case cited by plaintiffs concerned a deposition of a person the parties agreed was "a percipient witness who possesses relevant information." *Ray v. BlueHippo Funding, LLC*, No. 06-cv-1807, 2008 WL 4830747, at *2 (N.D. Cal. Nov. 6, 2008). Here, because plaintiffs only speculate that Yanofsky must have relevant information, the Court does not find good cause to grant their request.

If the parties will be unable to complete the required discovery prior to the September 13, 2023 close of fact discovery, they may file a request to change the discovery deadlines.

**IT IS SO ORDERED**.

Dated: August 25, 2023

SUSAN ILLSTON
United States District Judge