UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBLOX CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WOWWEE GROUP LIMITED, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-04476-SI<br><br>**ORDER RE: DEFENDANTS' REQUEST FOR A PROTECTIVE ORDER ON 30(B)(6) TOPICS**<br><br>Re: Dkt. No. 129 |

Before the Court is defendants' request for a protective order applicable to all four defendant entities on two Rule 30(b)(6) topics. Dkt. No. 129. Plaintiff opposes. *Id.* For the reasons set forth below, the Court hereby DENIES the request.

The WowWee defendants seek a protective order cancelling two Topics (46 and 47) served by Roblox in its 30(b)(6) deposition notices dated August 22, 2023. Dkt. No. 129 at 17. WowWee asserts that these "two very broad and burdensome topics" are "not relevant to any party's claim or defense, not proportional to the needs of the case, and [] seek privileged information." *Id.* Roblox contends these "two targeted topics" are "directly relevant to Roblox's damages." *Id.* at 19.

**I.　Topic 46**

In this Topic, Roblox initially sought testimony on "All facts and circumstances concerning contracts, negotiations, and agreements granting You a license to use others' intellectual property in any Product created, manufactured, promoted, and sold by WowWee Group Limited, WowWee Canada, Inc., WowWee USA, Inc., and/or Gramps Goods, Inc." Dkt. No. 129-4 at 16. On October 7, 2023, Roblox narrowed this topic to testimony regarding "the terms of any executed license agreements and any factors that impacted the compensation and terms included in those agreements, including but not limited to actual or projected sales, profits, and royalties." Dkt. No. 129 at 18.

WowWee argues that Topic 46 "as modified fails to meet Rule 30(b)(6)'s requirement that matters for examination be described with reasonable particularity" and it would be "unduly

burdensome" to designate witnesses to testify on behalf of each of the four defendant entities as to this request. *Id.* WowWee also argues that Roblox's contention that the terms of WowWee's licenses with third parties are relevant to its reasonable royalties damages theory lacks merit. *Id.* Lastly, WowWee argues that a large amount of information falling within the scope of this Topic is protected by the attorney-client privilege, attorney work product doctrine, and Federal Rule of Evidence 408. *Id.* Roblox responds that it is "well-established that a reasonable royalty may be awarded for copyright, trademark, and trade dress infringement regardless of whether the parties have any direct licensing history" and that case law permits the discovery sought. *Id.* at 19-20.

The Court agrees with Roblox that past executed license agreements are relevant to its damages theory but agrees with WowWee that the modified request remains overbroad. Roblox must specify which products or specific categories of products it seeks testimony concerning. Additionally, witnesses need only testify about the terms and factors that influenced those terms of executed license agreements produced during document discovery.[1]

Defendants do not explain what is privileged or protected within the scope of this Topic, nor why the Stipulated Protective Order at Dkt. No. 73 does not address WowWee's confidentiality concerns. WowWee need not disclose otherwise discoverable information if the information sought is privileged but must comply with the requirements of Rule 26(b)(5) in claiming privilege. Federal Rule of Evidence 408 does not automatically protect the information requested in this Topic. Rule 408 addresses the admissibility of evidence, not discoverability. Nonprivileged information is discoverable under Rule 26 if it is relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b). Information need not be admissible to be discoverable. *Id.*

## II. Topic 47

In this Topic, Roblox initially sought "All facts and circumstances concerning final expert damages reports, damages-related court filings and orders, and settlement agreements related to

---

[1] In the Court's recent discovery order at Dkt. No. 152, the Court ordered WowWee to produce final, executed licensing agreements for WowWee's other toy lines. *See* Dkt. No. 152 at 10.

United States District Court
Northern District of California

1  Defendants' litigation with Gibson Guitar Corporation." Dkt. No. 129-4 at 16.  On October 7, 2023,
2  Roblox proposed modifying the topic to "the terms of any settlement agreements as well as the
3  factors that may have impacted the compensation and terms in those agreements, including but not
4  limited to actual or projected sales, profits, and royalties; litigation costs; and the likelihood of
5  success on the merits." Dkt. No. 129 at 19. Roblox indicates in this joint discovery letter that this
6  Topic only seeks testimony relating to an IP litigation between defendants and Gibson Guitar
7  Corporation. *Id.* at 20.

8        WowWee argues that Roblox's modification does not address the fact that this topic "seeks
9  information relating to an unrelated case resolved over 12 years ago." *Id.* WowWee further argues
10 it would be "unduly burdensome" to designate a witness to testify to all the "factors that may have
11 impacted" the terms of any settlement agreements, in addition to the terms themselves.  *Id.*
12 WowWee argues Roblox cannot support their contention that this topic seeks testimony relevant to
13 a reasonable royalty damages measure. *Id.* Lastly, WowWee again argues that this topic seeks
14 testimony protected under the attorney-client and attorney work-product doctrines as well as Rule
15 408 and confidentiality agreements. *Id.* Roblox responds that narrowed Topic 47, relating to the
16 settlement of single litigation, is relevant. *Id.*

17       The Court agrees with Roblox that the requested testimony is relevant to its damages theory
18 and orders WowWee to comply with the Topic as modified by Roblox on October 7, 2023.  The
19 Court notes that this Topic only concerns litigation with Gibson Guitar Company.  Regarding
20 WowWee's privilege and confidentiality concerns, the Court reiterates the last paragraph of its
21 Topic 46 ruling.

23       **IT IS SO ORDERED**.
24 Dated: December 5, 2023

                                                  SUSAN ILLSTON
                                                  United States District Judge