UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBLOX CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WOWWEE GROUP LIMITED, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-04476-SI<br><br>**ORDER RE: DISCOVERY AND ASSOCIATED ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 138, 144, 139, 148, 145, 146 |

Before the Court is defendants' discovery letter dated November 15, 2023 in which defendants request (1) that Roblox be compelled to serve a supplemental privilege log with additional information for some entries and (2) an order compelling Roblox to produce certain documents in their privilege log, or in the alternative that the Court review the specified entries *in camera*. Dkt. No. 138.[1] Roblox opposes both requests. Dkt. No. 144. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART defendants' requests.

I. **Supplemental Privilege Log**

The parties exchanged privilege logs on November 1, 2023. Dkt. No. 138 at 1. Defendants identified 603 entries on Roblox's privilege log they argue did not comply with the parties' Electronically Stored Information ("ESI") stipulation or Fed. R. Civ. Pro. 26(b)(5). Defendants argue that the subject matters of these entries are "exceedingly vague and do not give Defendants enough information to assess Roblox's privilege claims" of attorney-client communication or

---

[1] WowWee submits the letter as an individual statement because it was allegedly not possible for the parties to file a joint statement by the November 15th deadline for fact discovery related motions. Dkt. No. 138 at 1.

1    attorney work product. *Id.* at 1-2. Defendants request that Roblox be compelled to serve a
2    supplemental privilege log with information "sufficient to understand the subject matter of the
3    document and the basis of the claim of privilege[] or immunity" for each of the specified privilege
4    log entries (highlighted in yellow). *Id.* at 2.

5    Roblox responds that its privilege log "states with specificity the subject matter of and the
6    type of privilege asserted for all 1,050 entries." Dkt. No. 144 at 1. Roblox asserts it has repeatedly
7    affirmed to defendants that "every logged attorney-client privilege communication (or attachment)
8    was made for the purpose of seeking or receiving legal advice on the listed subject matter" and that
9    Roblox "offered to amend each description to include language to that effect," an offer defendants
10   rejected. *Id.* Roblox asserts that it includes "the specified product, company, topic, and/or litigation
11   at issue in each entry" of its privilege log and that the subject matter descriptions "are as detailed as
12   Roblox can provide without revealing privileged information." *Id.* at 1-2.

13   The parties' ESI stipulation requires that for all documents "withheld or redacted under a
14   claim of privilege and/or work product" the privilege log must contain, among other things, "a
15   description of the contents of the document that, without revealing information itself privileged or
16   protected, is sufficient to understand the subject matter of the document and the basis of the claim
17   of privilege[]." Dkt. No. 76 at 5-6. This is consistent with Rule 26(b)(5).

18   The Court agrees with defendants that the following "Subject Matter" entries contain
19   insufficient information to comply with the parties' ESI stipulation and Rule 26(b)(5):

20   - "Draft Name, Logo, Brand, or Badge Guidelines" / "Draft Name, Logo, Brand, or Badge
21     Guidelines for Legal Review"
22   - "Draft Name, Logo, Brand, or Badge Guidelines Under Parallel Review by Mark Barbolak"
23   - "Draft Terms of Use"
24   - "MyAvastars Pre-Litigation Investigation"
25   - "Licensing Inquiry"
26   - "Draft User-Generated Content Terms"
27   - "Redemption Code Policies"
28   - "Intellectual Property Protection for Classic Avatars"

Robox is ORDERED to supplement the privilege log for all above-listed "Subject Matter" entries with sufficient information for defendants to "understand the subject matter of the document and the basis of the claim of privilege[]" and provide this supplemented privilege log to defendants no later than **December 18, 2023**. *See* Dkt. No. 76 at 5-6. The Court finds all contested "Subject Matter" entries not listed above sufficiently detailed.

### II. Whether Roblox Waived the Protections of the Attorney-Client Privilege for Communications Involving Jazwares Personnel

Defendants next request an order compelling Roblox to produce specified documents in its privilege log (highlighted in orange), or in the alternative request the Court review the specified entries *in camera* to determine whether Roblox's inclusion of third-party Jazwares personnel waived the attorney-client privilege. Dkt. No. 138 at 3. Defendants argue that Roblox has not met its burden of establishing a common interest privilege for these entries. *Id.* at 2-3.

Roblox responds that its privilege log entries "clearly explain what joint legal interest Roblox and Jazwares were pursuing." Dkt. No. 144 at 2. Roblox breaks the entries into three categories. The first category includes entries related to preparation for this litigation, and Roblox argues "[t]wo parties jointly preparing for litigation against common defendants for common claims is the hallmark of common interest." *Id.* For the second category, Roblox argues the descriptions make clear that Roblox and Jazwares (Roblox's exclusive licensee for Roblox toys) "were jointly coordinating on legal strategy" for an "IP enforcement" effort. *Id.* The third category allegedly concerns Roblox and Jazwares communicating regarding legal strategy through the pendency of a dispute. *Id.* The dispute concerned an entity (whose identification is sealed) objecting to Jazwares and Roblox partnering to make specific toys. *Id.* Roblox asserts that defendants are aware of these facts. *Id.*

The common interest doctrine is not a separate privilege, but rather "an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with one another." *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012); *see also U.S. v. Austin*, 416 F.3d 1016, 1021 (9th Cir. 2005) (holding that the privilege "protects not

only the confidentiality of communications passing from a party to [their] attorney but also from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel") (internal quotation marks and citations omitted).  The parties "must make the communication in pursuit of a joint strategy in accordance with some form of agreement." *In re Pacific Pictures Corp.*, 697 F.3d at 1129.  The agreement "may be implied from conduct and situation, such as attorneys exchanging confidential communications from clients who are or potentially may be codefendants or have common interests in litigation." *United States v. Gonzalez*, 669 F.3d 974, 979 (9th Cir. 2012).  The parties must have "a common legal, as opposed to commercial, interest." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 579 (N.D. Cal. 2007).  To invoke the doctrine, the party asserting the privilege must show: "(1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *U.S. v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003).

For all contested privilege log entries involving Roblox and/or Jazwares counsel, the Court agrees with Roblox that the common interest doctrine applies.  Jazwares was a plaintiff in this case until September 27, 2023, and all contested entries precede this date.  Roblox and Jazwares were in pursuit of a joint strategy and had a common legal interest as co-plaintiffs.

However, some of the contested entries in Roblox's privilege log list only non-attorney participants.  Dkt. No. 139-3 at 4, 24.  For these contested entries that include only non-attorney participants, Roblox is ordered to brief the Court on why these communications are protected under the attorney-client privilege by **December 22, 2023**.  Defendants may then file a response no later than January 5, 2024.

### III.     Associated Administrative Sealing Motions

Defendants concurrently filed an administrative motion to consider whether another party's material should be sealed pursuant to Local Rule 79-5(f).  Dkt. No. 139.  Roblox filed a response on November 17, 2023.  Dkt. No. 148.  In its response, Roblox proposes narrowed redactions.  The Court GRANTS Roblox's sealing request at Dkt. No. 148.  The redacted version of defendants'

discovery letter brief at Dkt. No. 148-3 and the redacted version of Roblox's privilege log at Dkt. Nos. 148-5 will be filed publicly on the docket. The unredacted versions of these documents will remain sealed. Defendants' administrative motion at Dkt. No. 139 is denied as moot.

On November 17, 2023 Roblox filed an administrative motion to file under seal portions of its response to defendants' discovery letter brief. Dkt. No. 145. The Court GRANTS this request except as to Footnote 1 (which quotes from defendants' privilege log). The full text of Footnote 1 will be filed publicly. The Court ORDERS Roblox to provide a redacted version of Dkt. No. 145-3 for public filing by **December 15, 2023**.

On November 17, 2023, Roblox also filed an administrative motion to consider whether another party's material should be sealed pursuant to Local Rule 79-5(f). Dkt. No. 146. Within seven days of the filing of a motion to consider whether another party's material should be sealed, the Designating Party (here defendants) must file a statement and/or declaration that satisfies the requirements of Civil Local Rule 79-5(c)(1). Civil Local Rule 79-5(f)(3). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the Designating Party. *Id.* Defendants did not submit a statement as required under Local Rule 79-5(f)(3). The provisionally sealed document at Dkt. No. 146-3 shall thus be unsealed and filed publicly on the docket. As ordered in the previous paragraph, Footnote 1 of Dkt. No. 146-2 shall also be unsealed.

**IT IS SO ORDERED**.

Dated: December 8, 2023

SUSAN ILLSTON
United States District Judge