**Elana Nightingale Dawson**
elana.nightingaledawson@lw.com
*Attorney for Plaintiff Roblox Corporation*

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS LLP**

January 9, 2024

<u>VIA CM/ECF</u>                                                                                              **REDACTED VERSION**

The Honorable Susan Illston
U.S. District Court for the Northern District of California
450 Golden Gate Avenue, Courtroom No. 1 – 17th Floor
San Francisco, CA 94102

Re:    *Roblox Corp. v. WowWee Grp. Ltd., et al.*, Case No. 3:22-cv-04476-SI (N.D. Cal.)

Dear Judge Illston:

On December 4, 2023, Defendants (hereafter "WowWee") served their Second Supplemental Privilege Log, which contained 146 entries. *See* Ex. 1. On December 8, 2023, this Court entered an order addressing the requirements for privilege logs and assertions pursuant to the Electronically Stored Information ("ESI") Stipulation entered in this matter as well as Federal Rule of Civil Procedure 26(b)(5). *See* Dkt. No. 157. Thereafter, Roblox informed WowWee via email on December 19 of several deficiencies in its December 4 privilege log. WowWee responded via email on January 2, 2024. Although the parties then conferred via video conference on January 3, 2024, they were not able to resolve the issues addressed herein.[1]

As WowWee previously told the Court, "[t]he parties' ESI Stipulation requires that, '[f]or each document withheld or redacted, the privilege log shall contain . . . a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege[] or immunity.'" Dkt. No. 148-3 (quoting Dkt. No. 76 at 5–6); *see also* Dkt. No. 157 at 2. And as WowWee likewise noted, "[t]his is consistent with Rule 26(b)(5) and case law in this District," which requires that a party "provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection." *Id.* (quoting *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220, 2018 WL 11420853, at *2 (N.D. Cal. Mar. 16, 2018)).

***First,*** for over half of the 146 entries on WowWee's privilege log, WowWee's descriptions are, to use WowWee's own words, "exceedingly vague and do not give [Roblox] enough information to assess [WowWee's]" claims of attorney-client communication or attorney work product. Dkt. No.

---

[1] WowWee did not agree to proceed jointly with this submission, thus necessitating an individual statement from Roblox. In declining to proceed jointly, WowWee claimed that Roblox waived its challenges to WowWee's privilege log by not mounting separate challenges to its first and second logs. WowWee's first log, served on November 1, 2023, contained only 17 entries. On November 14, 2023, the day before WowWee claims Roblox should have brought these issues to the Court (and waived them by not doing so), WowWee served its first supplemental privilege log with a total of 36 entries (the 17 prior entries plus 19 more). Yet it was not until almost three weeks later, when WowWee served a second supplemental log with *146 entries*—over *eight* times the entries on WowWee's initial privilege log—that the magnitude of the deficiencies in WowWee's privilege claims was apparent, thus necessitating this letter. In any event, fact discovery remains ongoing as reflected in the agreed-upon stipulation the Court recently entered to address the Court's December 2023 discovery-related orders. *See* Dkt. No. 161.

148-3. Indeed, WowWee's descriptions are far vaguer than the subject matter descriptions on Roblox's log that this Court held contained "insufficient information to comply with the parties' ESI stipulation and Rule 26(b)(5)." Dkt. No. 157 at 2. WowWee's descriptions do not even identify the intellectual property at issue in the documents let alone the subject matter of its entries. Instead, documents are described as addressing: (1) "potential copyright litigation" (█ entries); (2) "intellectual property rights" (█ entries); (3) "███████████" (2 entries); (4) "███████████" (1 entry); (5) "███████████" (5 entries); and (6) "███████████" (8 entries). *See* Ex. 1 at 1–8 (entries highlighted in yellow).

WowWee asserts that all of the entries with these descriptions constitute an "Attorney-Client Communication" or "Attorney Work Product." *See id.* But WowWee has not provided Roblox with any information to understand the subject matter of the documents or the basis of the privilege claims. And the descriptions above do not provide Roblox with information "sufficient to understand the subject matter of the document and the basis of the claim of privilege[] or immunity" for such entries. Dkt. No. 76 at 5–6. **Roblox thus respectfully requests that the Court order WowWee to supplement its privilege log for all entries referencing the subject matters listed above, as shown in yellow in Exhibit 1, "with sufficient information for [Roblox] to 'understand the subject matter of the document and the basis of the claim of privilege.'"** Dkt. No. 157 at 3.

**Second,** WowWee included 57 documents on its privilege log, highlighted in blue in Exhibit 1, that it described as "Attorney Client Communication[s]" even though no attorneys appear on the communications. To take just one example, WowWee claims that an email from Adam Fairless to Jason Webb—two former non-legal WowWee employees—reflects "legal advice previously conveyed by outside counsel in connection with intellectual property rights." Ex. 1, PL_002. Nothing about the information on WowWee's log regarding these documents establishes that they are privileged. To the extent WowWee nevertheless maintains that such documents are privileged, **WowWee should be required to comply with the "proper procedure" for doing so by "submit[ting] them *in camera* for the court's inspection, providing an explanation of how the information fits within privilege."** *See* Dkt. No. 156 (quoting *In re Grand Jury Witnesses*, 695 F.2d 359, 362 (9th Cir. 1982)); *see also, e.g., Fosbre v. Las Vegas Sands Corp.*, No. 10-cv-00765, 2016 WL 183476, at *8–9 (D. Nev. Jan. 14, 2016).

**Finally**, it is axiomatic that a party may withhold as privileged only those documents that are, in fact, privileged. *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 239 (N.D. Cal. 2015) ("[A] party cannot withhold documents as privileged if it fails to substantiate its privilege assertions."). WowWee included ten entries on its privilege log that it described as "[n]on-privileged attachment[s]." *See* Ex. 1, PL_030; PL_033; PL_034; ███████████. WowWee nevertheless contends that these documents were properly withheld as "attachments to privileged communications." Attachments to privileged communications, however, "are not thereby automatically privileged." *Kellman v. Whole Foods Mkt. California, Inc.*, No. 17-cv-06584, 2021 WL 4476779, at *2 (N.D. Cal. Sept. 30, 2021) (quoting *FTC v. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 31 (D.D.C. 2016)). Rather, WowWee—as the proponent of the privilege—must "show each attachment individually satisfies the criteria for privilege." *Id.* WowWee has not done so. **The Court should therefore order WowWee to produce any "non-privileged" documents on its privilege log.**

LATHAM&WATKINS LLP

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Elana Nightingale Dawson*
    Andrew M. Gass (Bar No. 259694)
     *andrew.gass@lw.com*
    Sarah M. Ray (Bar No. 229670)
     *sarah.ray@lw.com*
    Ivana Dukanovic (Bar No. 312937)
     *ivana.dukanovic@lw.com*
    505 Montgomery Street, Suite 2000
    San Francisco, California 94111
    Telephone: +1.415.391.0600

    Elana Nightingale Dawson (*pro hac vice*)
     *elana.nightingaledawson@lw.com*
    Carolyn M. Homer (Bar No. 286441)
     *carolyn.homer@lw.com*
    555 Eleventh Street, NW, Suite 1000
    Washington, DC 20004
    Telephone: +1.202.637.2200

    Allison S. Blanco (Bar No. 287554)
     *allison.blanco@lw.com*
    355 South Grand Avenue, Suite 100
    Los Angeles, California 90071
    Telephone: +1.213.485.1234

*Attorneys for Plaintiff Roblox Corporation*