UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBLOX CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WOWWEE GROUP LIMITED, et al.,<br><br>Defendants. | Case No. 22-cv-04476-SI<br><br>**ORDER REGARDING *IN CAMERA* REVIEW OF DISCOVERY DOCUMENTS FOR WHICH ROBLOX ASSERTS ATTORNEY-CLIENT PRIVILEGE**<br><br>Re: Dkt. Nos. 160, 166, 167 |

**I.     Documents Submitted by Roblox for *In Camera* Review Pursuant to Court Order at Dkt. No. 156**

**A.     Background**

Before the Court are two discovery documents submitted by plaintiff Roblox for *in camera* review to determine whether the documents are privileged, as directed by the Court on December 8, 2023. *See* Dkt. No. 156. The documents are identified as ROBLOX-PLOG-001 and ROBLOX-PLOG-0002 on Roblox's privilege log. *See* Dkt. No. 160.

The dispute involving these documents concerns a July 11, 2022 meeting between Roblox and Gamefam where Roblox allegedly "improperly (and successfully) pressured Gamefam to terminate its collaboration with WowWee." Dkt. No. 140 at 1. WowWee asserts that its allegations that Roblox wrongfully interfered with defendants' relationship with Gamefam form the basis of

WowWee's counterclaims and several affirmative defenses. Dkt. No. 140 at 1.[1] WowWee issued an Interrogatory (No. 20) asking Roblox to describe what happened at that July 11, 2022 meeting. *See* Dkt. No. 141-3. Roblox responded: "Roblox met with Gamefam on July 11, [2022] to discuss matters related to this action, including the My Avastars Dolls' infringement on Roblox's intellectual property, the improper use of redemption codes, the collaboration between Gamefam and WowWee, and the lack of communication with Roblox." Dkt. No. 141-3 at 4. WowWee alleges that Roblox has "failed to produce a single document that substantively discusses this meeting" and the Roblox witnesses who attended the meeting have either left the company or testified that they have no recollection of what happened at the meeting. Dkt. No. 141 at 1.

Roblox asserts that the two documents at issue are protected attorney-client communications. Dkt. No. 143 at 1. According to Roblox, ROBLOX-PLOG-0001 "is an internal email thread between Roblox's business team and in-house counsel (Mark Barbolak and Brian Smith) created for the sole purpose of seeking and receiving legal advice regarding talking points for discussing with Gamefam matters at issue in this litigation." *Id.* ROBLOX-PLOG-0002 "is a shared Google document created for the same purpose and attached to 0001." *Id.*

**B.     Legal Standard**

The attorney-client privilege protects from discovery "confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citation omitted). The party asserting the privilege has the burden of establishing the privileged nature of the communication. *Id.* The privilege exists where: "(1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *Id.* (citation omitted). The privilege extends to a client's

---

[1] Roblox asserts that the interference claims are either compelled to arbitration or stayed and therefore not at issue, and that any alleged interference that occurred after WowWee's June 2022 release of the allegedly infringing My Avastars Dolls cannot serve as an affirmative defense to their infringement or false advertising. Dkt. No. 140 at 1.

United States District Court
Northern District of California

1  confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice
2  in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations
3  omitted). "Because it impedes full and free discovery of the truth, the attorney-client privilege is
4  strictly construed." *Id.* (citations omitted).

### C. Discussion

WowWee (which has not seen the documents at issue) argues that the documents are "very likely not privileged because Roblox represented that these documents served as the factual basis for an interrogatory response that discussed a business meeting between Roblox and a third party." Dkt. No. 140 at 2. WowWee also argues that the inclusion of two Roblox in-house counsel as "participants" is not dispositive and communications with in-house counsel are not presumed to be made for the purpose of seeking legal advice because in-house counsel can serve multiple functions.

Roblox responds that the "entirety of the withheld documents relate to the business team's request for and counsel's provision of legal advice on how to deal with a pre-litigation dispute." Dkt. No. 143 at 1. Roblox also asserts that Mark Barbolak never held dual business and legal roles, indicating that Mr. Barbolak was Associate General Counsel first and then Senior Director of Business Affairs, but did not hold both roles simultaneously. *Id.*[2]

After reviewing the documents submitted for *in camera* review and the parties' relevant briefing, the Court concludes that the documents are protected attorney client communications.

WowWee separately argues that even if the documents are privileged, Roblox waived that privilege by relying on facts included in the documents to prepare a verified interrogatory response. Dkt. No. 140 at 2. WowWee asserts that the privilege can be "impliedly" waived if upholding the privilege would deny the opposing party access to information vital to its defense. Dkt. No. 140 at 2. WowWee argues that here Roblox is asserting privilege over documents it claims informed the factual basis for its sworn interrogatory response, and upholding the privilege would deny WowWee the opportunity to test that response. *Id.* at 3.

---

[2] According to Roblox, Mr. Barbolak was serving as Associate General Counsel before this lawsuit was filed, including in July 2022. *Id.*

3

Roblox maintains that the facts about what occurred at the July 11, 2022 meeting with Gamefam are non-privileged and discoverable and that the withheld documents are not the only source of information about what was discussed at that meeting. Dkt. No. 143 at 2. Roblox indicates that six people attended the meeting and defendants deposed only two of them, and one deposed Gamefam attendee testified about what was discussed in the meeting. *Id.*

An implied waiver of the attorney-client privilege occurs when "(1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense." *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995) (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)). However, "privileged communications do not become discoverable simply because they are related to the issues raised in the litigation" and when the sought-after evidence is "only one of several forms of indirect evidence about an issue, the privilege has not been waived." *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (citations and internal quotations marks omitted). "In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). Courts imposing this implied waiver do not order disclosure of materials categorically, rather the court directs the party to produce the privileged materials if it wishes to go forward with its claims implicating them. *Id.* at 720.

Having reviewed the documents submitted for *in camera* review and the parties' briefing on the implied waiver issue, the Court agrees with Roblox that implied waiver of the attorney-client privilege has not occurred with respect to these documents.

///

## II. Documents Submitted by Roblox for *In Camera* Review Related to Court Order at Dkt. No. 157

### A. Background

In the Court's December 8, 2023 discovery order at Dkt. No. 157, with respect to four challenged privilege log entries that included only non-attorney Roblox and Jazwares participants, the Court ordered Roblox to brief why these communications are protected under the attorney-client privilege. Dkt. No. 157 at 4. All of these privilege log entries relate to a dispute with an entity whose identification is sealed about Roblox and Jazwares partnering to make specific toys. Dkt. No. 166 at 1. After the Court's December 8, 2023 order, Roblox indicates it re-reviewed the four documents at issue and narrowed its privilege assertions. *Id.* Roblox subsequently produced two of these documents in their entirety and produced the two at issue here with privilege redactions. *Id.* Roblox submitted these two documents, ROBLOX-PLOG-0038 and ROBLOX-PLOG-0402, for *in camera* review on December 22, 2023. Roblox indicates that the redacted text "references the intent to seek legal advice as well as the transmission of actual legal advice and instructions related to the toy-specific dispute." *Id.* at 2.

WowWee responds that although it cannot make substantive arguments regarding the redacted communications, its position is that the communications are not privileged as a matter of law because the common interest exception applies to communications between counsel, and the attorney-client privilege attaching to communications between nonlegal employees does not apply here because the communications at issue are not among Roblox employees, but rather between Roblox and Jazwares employees. Dkt. No. 172 at 2-3.

Roblox appears to argue not that the text is protected under the common interest doctrine, but rather that the privilege attaches to these communications between nonlegal employees under District case law. Roblox does, however, repeatedly reference Roblox and Jazwares' "common interest" in the toy-specific dispute. *See* Dkt. No. 166 at 2, 4.

### B. Legal Standards

The common interest doctrine is not a separate privilege, but rather "an exception to ordinary

1    waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to
2    communicate with one another." *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012);
3    *see also U.S. v. Austin*, 416 F.3d 1016, 1021 (9th Cir. 2005) (holding that the privilege "protects not
4    only the confidentiality of communications passing from a party to [their] attorney but also from
5    one party to the attorney for another party where a joint defense effort or strategy has been decided
6    upon and undertaken by the parties and their respective counsel") (internal quotation marks and
7    citations omitted). The parties "must make the communication in pursuit of a joint strategy in
8    accordance with some form of agreement." *In re Pacific Pictures Corp.*, 697 F.3d at 1129. The
9    agreement "may be implied from conduct and situation, such as attorneys exchanging confidential
10   communications from clients who are or potentially may be codefendants or have common interests
11   in litigation." *United States v. Gonzalez*, 669 F.3d 974, 979 (9th Cir. 2012).

12         The attorney-client privilege itself may attach "to communications between nonlegal
13   employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an
14   employee discusses her intent to seek legal advice about a particular issue." *Dolby Laboratories*
15   *Licensing Corporation v. Adobe*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019) (citations omitted). A
16   "vague declaration that states only that the document reflects an attorney's advice is insufficient to
17   demonstrate that the document should be found privileged." *Id.* (citation omitted).

18

19       **C.**    **Discussion**

20         The Court agrees with WowWee that the common interest doctrine does not apply to the
21   documents at issue. There is no indication that the communications at issue were shared with
22   Roblox or Jazwares attorneys, and Roblox has not cited case law where the common interest
23   doctrine was applied to communications solely between non-attorney employees of different parties.
24         The issue then becomes whether the attorney-client privilege itself can attach to
25   communications between non-attorney employees of different parties. Roblox relies on *Dolby*
26   *Laboratories*, where a court in this District considered whether thirteen disputed documents that
27   were communications between non-attorney employees of Adobe were privileged. 402 F. Supp. at
28   866-76. This Court finds it significant that all the non-attorney employees there were employees of

United States District Court
Northern District of California

1  the same party, Adobe.  None of the other cases Roblox cites to or that are cited by the Court in
2  *Dolby Laboratories* apply the doctrine laid out in *Dolby Laboratories* to communications between
3  non-attorney employees of different parties.  Because the attorney-client privilege is to be strictly
4  construed, the Court declines to apply *Dolby Laboratories* to the communications at issue here
5  where non-attorney employees of two different parties exchanged communications.  *See Ruehle*,
6  583 F.3d at 607.  The Court thus ORDERS Roblox to produce ROBLOX-PLOG-0038 and
7  ROBLOX-PLOG-0402 without redactions.

**IT IS SO ORDERED**.

Dated: January 16, 2024

SUSAN ILLSTON
United States District Judge