UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBLOX CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WOWWEE GROUP LIMITED, et al.,<br><br>Defendants. | Case No. 22-cv-04476-SI<br><br>**ORDER LISTING QUESTIONS FOR THE PARTIES TO ADDRESS AT THE JUNE 20, 2024 HEARING** |

This case is set for a hearing on the parties' summary judgment and *Daubert* motions on June 20, 2024. The Court would like the parties to be prepared to address the following questions at the June 20, 2024 hearing.

**Copyright Infringement**

1. Can both Ge and Huang be authors of the Cindy, Lindsey, Kenneth, and Dennis avatars ("CLKD works")? Do the parties have case law they can point the Court to in support of their assertions that either Ge or Huang is the author?

2. In the 2019 consulting agreement between Ge and Roblox (Dkt. No. 220, Ex. 35), there is an assignment provision that states that all material developed "during the term of the Agreement" is the sole property of Roblox. What is the "term of the Agreement" for purposes of this assignment provision?

3. Are Roblox's Fourth Amended Disclosures the first time Ge's address and telephone number were disclosed to WowWee?

4. Under *Enterprise Management Ltd., Inc. v. Construx Software Builders, Inc.*, 73 F.4th 1048 (9th Cir. 2023), must the CLKD works be derivative works of the avatar bases for Roblox

1. to argue that elements of the avatar bases included in the CLKD works were infringed?

5. If the claim about copyrightable elements of the avatar bases included in the CLKD works moves forward, what are the avatar bases whose copyrightable elements were included in the CLKD works? Roblox provides images of two "exemplars" in its FAC but Dr. Pham's expert report identifies and analyzes other avatar bases not mentioned in the FAC.

6. When asked by the Court at the October 20, 2023 hearing on Roblox's motion for reconsideration what copyrightable elements of the avatar bases were included in the registered works, Roblox's counsel responded that the elements are "really the same elements that are described in our trade dress. So the cylindrical head, the rounded or rectangular shaped arms, similar legs, the cartoonlike faces with lack of a nose . . . the rectangular legs, the tapered waist." What is Roblox's case support that these elements are copyrightable? What is WowWee's case support that these are common geometric features that are *per se* not copyrightable?

**Trade Dress Infringement**

7. Does Roblox need to identify a consistent trade dress? What is WowWee's legal support for this? If so, across what universe of avatars does the trade dress need to be consistent?

**Trademark Infringement and False Advertising**

8. WowWee raises a nominative fair use defense to Roblox's claim of trademark infringement in its answer. Dkt. No. 74 ¶ 10. "In cases where a nominative fair use defense is raised, we ask whether (1) the product was 'readily identifiable' without use of the mark; (2) defendant used more of the mark than necessary; or (3) defendant falsely suggested he was sponsored or endorsed by the trademark holder." *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1175-76 (9th Cir. 2010) (quoting *New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302, 308 (9th Cir. 1992)). The Ninth Circuit has held that the "*Sleekcraft* analysis doesn't apply where a defendant uses the mark to refer to the trademarked good itself." *Id.* at 1175. Which analysis / test should the Court apply here?

9. What evidence in the record shows that WowWee profited as a result of use of the Roblox mark in its advertising and promotional materials? If WowWee has profited from sale of My Avastars dolls since it ceased use of the Roblox mark, how are those profits attributable to its use of the Roblox mark in the past?

**Defenses**

10. Many of the defenses involve conflicting interpretations of Roblox's May 18, 2021 Terms of Use ("TOU"). The Court's preliminary view of the TOU is that it does not clearly prohibit nor clearly permit WowWee's conduct. If an agreement does not clearly prohibit something, but also does not expressly permit it, can an express license defense be raised? Relatedly, is there any additional extrinsic evidence the parties can point the Court to regarding interpretation of whether the May 18, 2021 TOU (and Community Usage Guidelines incorporated by reference) prohibit or permit WowWee's creation of the dolls?

**IT IS SO ORDERED**.

Dated: June 17, 2024

_____
SUSAN ILLSTON
United States District Judge