Michael S. Elkin (admitted *pro hac vice*)
MElkin@winston.com
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700

Jennifer A. Golinveaux (SBN: 203056)
JGolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
TKearney@winston.com
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000

Michael D. Bednarek (admitted *pro hac vice*)
michael@bednareklegal.com
Bednarek Legal, PLLC
1100 N. Glebe Road, Suite 1010
Arlington, VA 22201
Telephone: (202) 997-1665

(additional counsel on signature page)

Attorneys for Defendants
WOWWEE GROUP LIMITED, WOWWEE CANADA, INC., WOWWEE USA, INC., and GRAMPS GOODS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ROBLOX CORPORATION,<br><br>  Plaintiff,<br><br>  vs.<br><br>WOWWEE GROUP LIMITED, et al.,<br><br>  Defendants. | Case No. 3:22-cv-04476-SI<br><br>Hon. Susan Illston<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE REFERENCES TO WOWWEE'S CORPORATE OWNERSHIP AND TRANSACTIONS**<br><br>Dept: Courtroom 1, 17th Floor<br>Final Pretrial Conf.: Nov. 12, 2024, 10:00 a.m.<br>Trial Date: December 2, 2024 |

# NOTICE OF MOTION AND MOTION IN *LIMINE* NO. 3

TO THE COURT, ALL PARTIES ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 12, 2024, or as soon thereafter as this matter may be heard, in Courtroom 1, 17th floor of the Honorable Susan Illston, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants WowWee Group Limited, WowWee Canada, Inc., WowWee USA, Inc., and Gramps Goods, Inc. (collectively, "Defendants" or "WowWee") will, and hereby do, move this Court for an order excluding from the trial of this case and for all other purposes any and all evidence, references to evidence, testimony, or argument referencing or relating to non-party owners, affiliates, partners, and shareholders of WowWee entities that are not named as defendants in this case, as well as evidence of WowWee's prior corporate transactions that occurred over a decade prior to any of the relevant events underlying this case.

This Motion is brought pursuant Federal Rules of Evidence 402 and 403. This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the accompanying Declaration of Diana Hughes Leiden ("Leiden Decl."), previously filed documents incorporated by reference herein, and upon such other and further evidence and argument as may be presented to the Court prior to or at the time of hearing on this motion.

Dated: October 22, 2024                              WINSTON & STRAWN LLP

By: */s/ Jennifer A. Golinveaux*
    Jennifer A. Golinveaux (SBN: 203056)
    JGolinveaux@winston.com
    Thomas J. Kearney (SBN 267087)
    TKearney@winston.com
    WINSTON & STRAWN LLP
    101 California Street, 35th Floor
    San Francisco, CA 94111-5840
    Telephone:(415) 591-1000
    Facsimile: (415) 591-1400

    Michael S. Elkin (admitted *pro hac vice*)
    MElkin@winston.com
    Lisa M. Coutu (admitted *pro hac vice)*
    LCoutu@winston.com
    WINSTON & STRAWN LLP
    200 Park Avenue

New York, NY 10166-4193
Telephone:(212) 294-6700
Facsimile: (212) 294-4700

Diana Hughes Leiden (SBN: 267606)
DHLeiden@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:(213) 615-1700
Facsimile: (213) 615-1750

Michael D. Bednarek (admitted *pro hac vice*)
michael@bednareklegal.com BEDNAREK LEGAL,
PLLC 1100 N. Glebe Road, Suite
1010 Arlington, VA 22201
Telephone:(202) 997-1665
Facsimile: (703) 224-8001

Attorneys for Defendants
WOWWEE GROUP LIMITED, WOWWEE
CANADA, INC., WOWWEE USA, INC., and
GRAMPS GOODS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court should exclude from the trial of this case and for all other purposes any and all evidence, references to evidence, testimony, or argument referencing or relating to the corporate ownership of WowWee, in particular references to non-party owners, affiliates, partners, and shareholders that are not named as defendants in this case, as well as evidence of WowWee's prior corporate transactions that occurred over a decade prior to any of the relevant events underlying this case. This evidence has no relevance to any issue in this case, and any probative value is substantially outweighed by the danger of unfair prejudice, because the information could inflame potential biases of the jurors, confuse the issues, and waste time. Defendants' motion *in limine* should be granted.

## II. LEGAL STANDARD

Rulings on motions *in limine* are committed to the discretion of the trial court. *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (district court has "broad discretion to make . . . evidentiary rulings conducive to the conduct of a fair and orderly trial"); *Gametech Int'l Inc. v. Trend Gaming Sys., L.L.C.*, 232 Fed. App'x 676, 677 (9th Cir. 2007). District courts can exercise their discretion to exclude evidence where the evidence is not relevant, or where the probative value is outweighed by other considerations. Fed. R. Evid. 401-403; *Wicker v. Oregon ex rel. Bureau of Labor*, 543 F.3d 1168, 1177-78 (9th Cir. 2008) (district court did not abuse discretion in excluding inconclusive, speculative evidence). Even if evidence is considered relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403; *United States v. Ellis*, 147 F.3d 1131, 1135-36 (9th Cir. 1998) (overruling denial of motion to exclude because evidence's probative value was substantially outweighed by unfair prejudice); *United States v. W.R. Grace*, 504 F.3d 745, 760 (9th Cir. 2008) (affirming district court's exclusion of evidence that was low in probative value and could have confused the jury as more prejudicial than probative under Rule 403).

### III. ARGUMENT

#### A. Reference to Ownership Interests in WowWee Group Limited by Irrelevant, Non-Party Entities Should be Excluded.

WowWee is a Canadian family-run toy company that designs, develops, markets, and distributes toys and consumer products. Roblox elicited and has designated for trial deposition testimony of WowWee's CEO Richard Yanofsky referencing his business partners in and shareholders of certain WowWee entities, which include entities organized in China and high-net worth individuals of Chinese descent residing in Hong Kong. *See* Declaration of Diana Hughes Leiden ("Leiden Decl.") Ex. 9., R. Yanofsky Dep. 38:15-43:25. Roblox has also indicated that it intends to introduce exhibits reflecting WowWee's corporate structure, including identification of the same partial owners, partners, and shareholders that are not named as defendants in this case. *See* Roblox Ex. No. 39. WowWee seeks to exclude at trial any references to these non-party business partners on the basis that such references are irrelevant and would only serve to waste time, confuse the issues and the jury, and prejudice WowWee.

First, none of these entities or individuals are parties to this lawsuit, nor were any of them deposed as non-parties. Further, Roblox does not allege that any of these entities or individuals had anything to do with the conduct complained about in this case (i.e., the design and sale of the My Avastars Fashion Dolls and WowWee's reference to Roblox in social media posts referring to the My Avastars:RP game). References to these irrelevant entities would only serve to confuse the jury and the issues, and, even worse, could have the unfortunate possibility of inflaming potential juror bias. For these reasons, courts regularly exclude evidence of foreign corporate ownership and affiliation. *Miller v. Michael Weinig AG*, No. CV-20-47-BU-BMM, 2023 WL 3098328, at *2 (D. Mont. Apr. 26, 2023) (granting motion *in limine* to exclude evidence of foreign corporate ownership); *Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 293 F. Supp. 2d 397, 414 (S.D.N.Y. 2003) (same); *Saad v. Shimano Am. Corp.*, No. 98 C 1204, 2000 WL 1036253, at *25 (N.D. Ill. July 24, 2000) (same); *Sanford v. Ektelon/Prince Sports Group, Inc.*, No. 8:97CV368, 1999 WL 33544436, at *2 (D. Neb. Nov. 5, 1999) (same).

And even if Roblox were permitted to reference these companies generally (which they should not), Roblox should be precluded from referencing their nationality—which courts commonly find serves

no purpose other than to "appeal to prejudice and passion." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 276-77 (5th Cir. 1998); *see Stone Brewing Co., LLC v. MillerCoors LLC*, No. 3:18-cv-00331-BEN-LL, 2021 WL 63139, at *2-3 (S.D. Cal. Jan. 7, 2021) (motion *in limine* granted to exclude references to nationality of plaintiff's investors); *McKiver v. Murphy-Brown LLC*, Case No. 7:14-CV-180-BR, 2018 WL 2093071, at *2 (E.D.N.C. April 11, 2018) (granting motion *in limine* to exclude references to Chinese origin of corporate affiliate).

Further—and again, only if Roblox were permitted to reference these companies or individuals at all—Roblox should be precluded from referencing evidence of the net worth of any of WowWee's investors or shareholders, which is irrelevant to any claim or defense in this case. *See Pac. Select Fund v. Bank of New York Mellon*, No. SACV10198JSTANX, 2012 WL 12886495, at *7 (C.D. Cal. July 2, 2012) (excluding evidence of net worth as "irrelevant to each of Plaintiff's substantive claims remaining in this action"). Notably, Roblox is not, and in fact could not, seek statutory damages on its copyright claims because it failed to register copyrights in the Cindy, Lindsey, Dennis, and Kenneth works prior to WowWee's alleged infringement. 17 U.S.C. § 412; Dkt. 36 ¶ 148. Therefore, the issue of deterrence—which could be argued to increase statutory damages—is irrelevant. *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) ("the statutory damages award may be designed to penalize the infringer and to deter future violations.").

And even if the net worth or financial background of any of WowWee's investors or shareholders had any relevance to this action, the low probative value would be easily outweighed by the risk of prejudice and confusing the jury. Here, it appears that Roblox intends to introduce evidence of the wealth of an individual associated with one of WowWee's investors to insinuate that WowWee has deep pockets and/or the ability to pay a large judgment. Courts have excluded evidence of even a *party's* net worth when the probative value is low and there is a high risk of the jury confusing the issues. *See Reyes v. Aqua Life Corp.*, Case No. 10-23548-CIV, 2012 WL 12892213, at *2 (S.D. Fla. Jul. 9, 2012) (granting motion *in limine* to exclude evidence of wealth, net worth, and income of defendant's corporate owners); *Stone Brewing Co., LLC*, 2021 WL 63139, at *3 (excluding evidence of profits attained from private equity infusion because "the probative value of such evidence is substantially outweighed by the danger

the jury will be confused"). This logic is even stronger when it relates to evidence of the net worth of a *non-party* individual.

### B. References to WowWee's Prior Corporate Transactions Should Be Excluded.

Roblox has also designated deposition testimony which makes reference to WowWee's prior corporate transactions, including the identity of purchasers, as well as purchase and sale prices. These corporate transactions predate any relevant time period at issue in the current litigation by at least a decade (occurring from 1999 to 2009) and have no bearing on any of Roblox's claims nor any of the facts relevant to this case. Thus, the prior sales (as well as the amounts of the respective sales) are irrelevant to any fact of consequence in this litigation. Further, evidence or testimony relating to prior purchase prices, and thus any profits that WowWee's individual owners may have received, is equally irrelevant to any fact of consequence in this litigation. *Reyes*, 2012 WL 12892213, at *2 (excluding evidence of "personal wealth, net worth, or income of any of its individual corporate owners…as irrelevant under Rule 401"); *Liu v. State Farm Mut. Auto. Ins. Co.*, No. CV 2:18-1862-BJR, 2021 WL 717540, at *4 (W.D. Wash. Feb. 24, 2021) (granting motion *in limine* to exclude evidence of defendant's wealth where "[defendant's] wealth is not relevant to the claims in this case and evidence of such will not be permitted.").

For the same reasons discussed above, any relevance that evidence regarding the prior sales of WowWee, including the identity of prior purchasers, the sale prices, and any potential profits that WowWee's individual owners made from transactions over a decade ago, may have is outweighed by the risk of prejudice and confusing the issues for the jury. *Stone Brewing Co., LLC*, 2021 WL 63139, at *3; *Reyes*, 2012 WL 12892213, at *2. WowWee anticipates that Roblox intends to use evidence of WowWee's old corporate transactions to insinuate, counter-factually, that WowWee is *not* a privately owned, family-run company. But corporate transactions that occurred ten to fifteen years ago have no bearing on WowWee's current corporate structure or the running of its day-to-day operations—it is undisputed that today (and since 2021 when WowWee began designing the My Avastars Fashion Dolls), WowWee has been a privately-held company based in Canada. Further, WowWee expects Roblox to use evidence of WowWee's prior corporate transactions to imply that WowWee has ample assets to pay a

large judgment. Courts routinely exclude evidence introduced for this purpose. *See Stone Brewing Co., LLC*, 2021 WL 63139, at *3; *Reyes*, 2012 WL 12892213, at *2; *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("the financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded.").[1] Thus, any reference to WowWee's prior corporate transactions should be excluded.

### IV. CONCLUSION

For the foregoing reasons, Roblox should be precluded from introducing into evidence at trial any references to non-party owners, affiliates, partners, and shareholders of WowWee entities that are not named as defendants in this case, as well as evidence of WowWee's prior corporate transactions that occurred over a decade prior to any of the relevant events underlying this case. WowWee respectfully requests that the Court grant this motion *in limine*.

Dated: October 22, 2024                     WINSTON & STRAWN LLP

By: */s/ Jennifer A. Golinveaux*
    Jennifer A. Golinveaux (SBN: 203056)
    JGolinveaux@winston.com
    Thomas J. Kearney (SBN 267087)
    TKearney@winston.com
    WINSTON & STRAWN LLP
    101 California Street, 35th Floor
    San Francisco, CA 94111-5840
    Telephone:(415) 591-1000
    Facsimile: (415) 591-1400

    Michael S. Elkin (admitted *pro hac vice*)
    MElkin@winston.com
    Lisa M. Coutu (admitted *pro hac vice*)
    LCoutu@winston.com
    WINSTON & STRAWN LLP
    200 Park Avenue
    New York, NY 10166-4193
    Telephone:(212) 294-6700
    Facsimile: (212) 294-4700

---

[1] For the same reasons, the Court should exclude any evidence of WowWee's available credit line and available capital—something that Mr. Yanofsky was also questioned about at deposition and which has no relevance to this action and would only confuse the jury into thinking that WowWee has the ability to pay a large judgment.

Diana Hughes Leiden (SBN: 267606)
DHLeiden@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:(213) 615-1700
Facsimile: (213) 615-1750

Michael D. Bednarek (admitted *pro hac vice*)
michael@bednareklegal.com BEDNAREK LEGAL, PLLC 1100 N. Glebe Road, Suite 1010 Arlington, VA 22201
Telephone:(202) 997-1665
Facsimile: (703) 224-8001

Attorneys for Defendants
WOWWEE GROUP LIMITED, WOWWEE CANADA, INC., WOWWEE USA, INC., and GRAMPS GOODS, INC.