Michael S. Elkin (admitted *pro hac vice*)
MElkin@winston.com
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700

Jennifer A. Golinveaux (SBN: 203056)
JGolinveaux@winston.com
Thomas J. Kearney (SBN: 267087)
TKearney@winston.com
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000

Michael D. Bednarek (admitted *pro hac vice*)
michael@bednareklegal.com
Bednarek Legal, PLLC
1100 N. Glebe Road, Suite 1010
Arlington, VA 22201
Telephone: (202) 997-1665

(additional counsel on signature page)

Attorneys for Defendants
WOWWEE GROUP LIMITED, WOWWEE
CANADA, INC., WOWWEE USA, INC., and
GRAMPS GOODS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ROBLOX CORPORATION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WOWWEE GROUP LIMITED, et al.,<br><br>　　　　Defendants. | Case No. 3:22-cv-04476-SI<br><br>Hon. Susan Illston<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO PRECLUDE USE OF THE TERM "AVATAR BASES"**<br><br>Department: Courtroom 1, 17th Floor<br>Final Pretrial Conf.: Nov. 12, 2024, 10:00 a.m.<br>Trial Date: December 2, 2024 |

## NOTICE OF MOTION AND MOTION IN *LIMINE* NO. 6

TO THE COURT, ALL PARTIES ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 12, 2024, or as soon thereafter as this matter may be heard, in Courtroom 1, 17th floor of the Honorable Susan Illston, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants WowWee Group Limited, WowWee Canada, Inc., WowWee USA, Inc., and Gramps Goods, Inc. (collectively, "Defendants" or "WowWee") will, and hereby do, move this Court for an order precluding Plaintiff Roblox Corp. ("Roblox") from using the term "Avatar Bases" to refer to basic, unadorned avatars such as "Blocky" and "Roblox Boy." The "Avatar Bases" have no relevance to Roblox's copyright claim following the Court's summary judgment opinion dismissing them, and any use of this term in the context of Roblox's trade dress infringement claim would create the false impression that all of the disparate avatars on Roblox's platform include or are derivative of the "Avatar Bases" and unfairly support a finding, contrary to the law, that Roblox has an identifiable, protectable trade dress that consumers associate with a single source.

This Motion is brought pursuant Federal Rules of Evidence 402 and 403. This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the accompanying Declaration of Diana Hughes Leiden ("Leiden Decl."), previously filed documents incorporated by reference herein, and upon such other and further evidence and argument as may be presented to the Court prior to or at the time of hearing on this motion.

Dated: October 22, 2024

WINSTON & STRAWN LLP

By: */s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux (SBN: 203056)
JGolinveaux@winston.com
Thomas J. Kearney (SBN 267087)
TKearney@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone:(415) 591-1000
Facsimile: (415) 591-1400

Michael S. Elkin (admitted *pro hac vice*)
MElkin@winston.com

Lisa M. Coutu (admitted *pro hac vice*)
LCoutu@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:(212) 294-6700
Facsimile: (212) 294-4700

Diana Hughes Leiden (SBN: 267606)
DHLeiden@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:(213) 615-1700
Facsimile: (213) 615-1750

Michael D. Bednarek (admitted *pro hac vice*)
michael@bednareklegal.com BEDNAREK LEGAL, PLLC 1100 N. Glebe Road, Suite 1010 Arlington, VA 22201
Telephone:(202) 997-1665
Facsimile: (703) 224-8001

Attorneys for Defendants
WOWWEE GROUP LIMITED, WOWWEE CANADA, INC., WOWWEE USA, INC., and GRAMPS GOODS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should preclude Roblox, Roblox's counsel, witnesses, and any experts from using the term "Avatar Bases"[1] to refer to the "Blocky" and "Roblox Boy" avatars alleged in paragraph 30 of the First Amended Complaint ("FAC"), and the other basic avatars that Roblox alleged are "templates from which other avatars are customized."[2] "Avatar Bases" is a lawyer-created term and is not used by any of Roblox's employees. It has no connection to Roblox's copyright claim following the Court's summary judgment finding that Roblox's allegedly copyrighted avatars remaining in the case (Cindy, Lindsey, Kenneth and Dennis, or "CKLD") were *not* in fact derivative, and do *not* include any copyrightable elements, of the "Avatar Bases." Fed. R. Evid. 402; Dkt. 345 at 8. However, Roblox continues to claim that "Blocky," "Roblox Boy," and other unadorned avatars reflect its trade dress. In the context of that claim, referring to all disparate avatars on Roblox's platform as "Avatar Bases" unfairly supports a finding, contrary to the law, that Roblox has an identifiable, protectable trade dress that consumers associate with a single source. This false representation would be prejudicial to WowWee.

WowWee's motion *in limine* should be granted because there is no probative value in using the misleading, lawyer-created term "Avatar Base," while there is significant risk of confusing the jury and prejudicing WowWee by creating the false impression that the "Blocky" and "Roblox Boy" avatars are "base" avatars from which all Roblox avatars are derived.

## II. LEGAL STANDARD

Rulings on motions *in limine* are committed to the discretion of the trial court. *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (district court has "broad discretion to make . . . evidentiary rulings conducive to the conduct of a fair and orderly trial"); *Gametech Int'l Inc. v. Trend Gaming Sys., L.L.C.*, 232 Fed. App'x 676, 677 (9th Cir. 2007). District courts can exercise their discretion to exclude evidence where the evidence is not relevant, or where the probative value is outweighed by other considerations. Fed. R. Evid. 401-03; *Wicker v. Oregon ex rel. Bureau of Lab.*, 543 F.3d 1168, 1177-78

---

[1] The plural includes the singular—Avatar Base.
[2] Roblox also claims that other so-called "Avatar Bases" that were not referenced in the FAC, such as "Roblox Woman," are also at issue. This Motion seeks to preclude Roblox from referring to any such avatars that Roblox seeks to refer to at trial as "Avatar Bases."

(9th Cir. 2008) (district court did not abuse discretion in excluding conclusive, speculative evidence). Even if evidence is considered relevant, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403; *United States v. Ellis*, 147 F.3d 1131, 1135-36 (9th Cir. 1998) (overruling denial of motion to exclude because evidence's probative value was substantially outweighed by unfair prejudice); *United States v. W.R. Grace*, 504 F.3d 745, 760 (9th Cir. 2008) (affirming district court's exclusion of evidence that was low in probative value and could have confused the jury as more prejudicial than probative under Rule 403).

### III. ARGUMENT

#### A. "Avatar Bases" is a Lawyer-Created Term that is Irrelevant to Roblox's Claims, Inconsistent with the Court's Summary Judgment Order, Unfairly Prejudicial, and Likely to Confuse the Jury

Roblox alleged that certain basic avatars, such as "Blocky" and "Roblox Boy" were "templates" from which other avatars were customized on the Roblox platform. According to Roblox's pleadings, the registered CKLD works (and Roblox's other avatars) were derivative of the unregistered "Avatar Bases." *See* Dkt. 36 ¶ 31 ("Roblox iterates on its ["Avatar Bases"] to create various derivative works that users can further customize on the Roblox Platform" and picturing the CKLD avatars). However, discovery revealed that the term "Avatar Base" is meaningless within Roblox. Roblox's Director of Product, David Sapienza, testified that Roblox employees do not use the term "Avatar Bases" to describe the figures alleged in paragraph 30 of the FAC—or at all. Declaration of Diana Hughes Leiden ("Leiden Decl.), Ex. 12, D. Sapienza Dep. at 19:15–22, 61:18–62:13 (Mr. Sapienza "wouldn't use that term 'base'" but rather "visual style" to describe these works). I-Wei Huang, Roblox's Avatar Character Lead, even testified that he was not sure what was meant by "Avatar Bases" and when asked if he had heard the term before: "I think internally we'd mean avatars [] that are not clothed." Leiden Decl., Ex. 13, I. Huang Dep. at 34:10-22.

Discovery also revealed that the CKLD works were not, in fact, derivative of the so-called "Avatar Bases." The Court agreed, finding at the summary judgment stage that there was *no* evidence that the

CLKD works include "copyrightable elements" of the "avatar bases" or that the CLKD works were "substantially copied" from the "avatar bases," making them derivative works. Dkt. 345 at 8. The Court further held that "Roblox has failed to show that there is a genuine dispute for trial about whether copyrightable elements of the avatar bases included in the CLKD derivative works were infringed." *Id* (granting summary judgment for WowWee as to Roblox's claim that the My Avastars Fashion Dolls infringed the "avatar bases"). Thus, it is undisputed that Roblox's copyright claims as to the "Avatar Bases" were dismissed from this case on summary judgment, and Roblox should be precluded from making any reference to "Avatar Bases" in connection with its copyright claims.

While conceding that the "Avatar Bases" are irrelevant to its copyright claims, Roblox continues to claim that these basic, unadorned avatars are representative of its alleged trade dress consisting of "(1) the humanoid, blocky shape of the avatars; (2) the cylindrical heads of the avatars; (3) the C-shaped hands of the avatars; (4) the block-shaped legs of the avatars; (5) the square or rounded arms of the avatars; (6) the cartoon-like, changeable facial expressions of the avatars and the lack of a nose; and (7) the particularized combination of these elements." Dkt. 36 ¶ 57 (alleging that "Blocky" and "Roblox Girl" reflect this trade dress); *see also* Pretrial Statement (Roblox pointing to "Roblox Woman" as an "exemplar" of its trade dress). But Roblox has asserted that its trade dress is also represented by a multitude of disparate avatars that look nothing alike, and there is no evidence that any of these avatars were in fact "based" on the purported "Avatar Bases." Roblox should not be permitted to use the term "Avatar Bases" to refer to those avatars and misleadingly create the impression that they are the base works or templates from which Roblox's other avatars that Roblox claims reflect its amorphous trade dress are derived. Use of the term it is likely to mislead and confuse the jury into believing that all of the disparate avatars on Roblox's platform include or are derivative of the "avatar bases" and unfairly support a finding, contrary to the law, that Roblox has a protectable trade dress that consumers associate with a single source, despite their dissimilar appearances. *See Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1152, 1354 (9th Cir. 1985) ("The basic element of secondary meaning is … the mental association by a substantial segment of consumers and potential consumers 'between the alleged mark and a single source of the product.'").

1    Indeed, courts routinely exclude counsel's use of irrelevant labels as unnecessary, confusing, and prejudicial. *See Lui v. BMW of N. Am., L.L.C.*, No. 2:17-cv-07244-AFM, 2018 U.S. Dist. LEXIS 244289, at *4 (C.D. Cal. Dec. 20, 2018) (precluding counsel and witnesses from referring to the California Song-Beverly Consumer Warranty Act as the "Lemon Law" because use of the phrase was unnecessary, irrelevant, unfairly prejudicial and confusing to the jury); *Federated Mut. Ins. Co. v. Peery's Auto. Parts, L.L.C.*, No. 11-00172-CV-W-FJG, 2012 U.S. Dist. LEXIS 48462, at *23 (W.D. Mo. Apr. 5, 2012) (precluding plaintiff from referring to defendants collectively as "Peerys" when there were five separate defendants, only four of whom had the last name Peery); *Lemmons v. York Int'l Corp.*, No. 09-1232-JTM, 2013 U.S. Dist. LEXIS 81941, at *4 (D. Kan. Apr. 24, 2013) (precluding improper reference to certain party nomenclature that failed to distinguish defendant in its individual capacity versus defendant in its capacity as successor-in-interest); *United States v. Carr*, No. 2:13-cr-00250-JAD-VCF-3, 2016 U.S. Dist. LEXIS 64822, at *3 (D. Nev. May 16, 2016) (precluding use of the word "gang" to refer to a motorcycle club because not probative of elements of conspiracy).

Accordingly, the Court should preclude any use by Roblox of the term "Avatar Bases" as irrelevant under Rule 402 and unfairly prejudicial under Rule 403.

## IV.    CONCLUSION

For the foregoing reasons, WowWee respectfully requests that the Court grant its Motion *in Limine* No. 6.

Dated: October 22, 2024                    WINSTON & STRAWN LLP

By: /s/ *Jennifer A. Golinveaux*
    Jennifer A. Golinveaux (SBN: 203056)
    JGolinveaux@winston.com
    Thomas J. Kearney (SBN 267087)
    TKearney@winston.com
    WINSTON & STRAWN LLP
    101 California Street, 35th Floor
    San Francisco, CA 94111-5840
    Telephone: (415) 591-1000
    Facsimile: (415) 591-1400

    Michael S. Elkin (admitted *pro hac vice*)
    MElkin@winston.com

Lisa M. Coutu (admitted *pro hac vice*)
LCoutu@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:(212) 294-6700
Facsimile: (212) 294-4700

Diana Hughes Leiden (SBN: 267606)
DHLeiden@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:(213) 615-1700
Facsimile: (213) 615-1750

Michael D. Bednarek (admitted *pro hac vice*)
michael@bednareklegal.com BEDNAREK LEGAL, PLLC 1100 N. Glebe Road, Suite 1010 Arlington, VA 22201
Telephone:(202) 997-1665
Facsimile: (703) 224-8001

Attorneys for Defendants
WOWWEE GROUP LIMITED, WOWWEE CANADA, INC., WOWWEE USA, INC., and GRAMPS GOODS, INC.